**James Alvin CAMP, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–99–328–CR.**

Court of Appeals of Texas,
Waco.

May 24, 2000.

Guy K. Rodgers, Cleburne, for appellant.

Dale S. Hanna, Crim. Dist. Atty., David W. Vernon, Asst. Dist. Atty., Cleburne, for appellee.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

### ORDER

PER CURIAM.

A jury convicted James Alvin Camp, Jr. of multiple counts of aggravated sexual assault of a child and indecency with a child and a single count of attempted indecency with a child. The jury assessed Camp's punishment at life imprisonment for each of the aggravated sexual assault counts, ninety-nine years for each indecency count, and twenty years for the attempted indecency count. The court ordered the sentences to run concurrently.

Camp filed his appellant's brief on April 25, 2000. He contends in the second issue presented in his brief that the court erred by permitting the State to introduce outcry testimony because the record does not reflect that the State gave him notice of its intent to introduce the testimony as required by the outcry statute. *See* Tex. Code Crim. Proc. Ann. art. 38.072, § 2(b)(1) (Vernon Supp.2000).

The State has filed a motion alleging that two such notices have apparently been lost by the district clerk and asking that this Court "determine what constitutes accurate copies of the missing documents and order them to be included in the clerk's record or a supplement." *See* TEX. R.APP. P. 34.5(e). Attached to the motion are copies of two outcry notices which appear to bear the file-stamp of the district clerk.

Rule 34.5(e) sets out the procedure to be followed whenever a document filed with the trial court clerk has been "lost or destroyed." *Id.* The rule provides:

(e) *Clerk's Record Lost or Destroyed.* If a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in the clerk's record or a supplement. If the parties cannot agree, the trial court must—on any party's motion or at the appellate court's request—determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement.

*Id.*

According to the State, Camp's counsel will not stipulate in writing to the inclusion in the clerk's record of the copies of the outcry notices attached to the motion. However, this Court does not have the authority to determine the accuracy of the appellate record. *See id.; see also id.* 34.6(e). Rather this duty belongs to the trial court. *Id.* Accordingly, we abate this cause for thirty days and direct the trial court to determine whether the documents attached to the State's motion constitute accurate copies of pleadings filed with the district clerk. *Id.* 34.5(e); *Moss v. State,* 13 S.W.3d 877, 880 (Tex.App.—Fort Worth 2000, no pet. h.). If the court so finds, then the court should order the district clerk to include these documents in a supplemental clerk's record and file it with the Clerk of this Court. *See* TEX.R.APP. P. 34.5(e).

Regardless of whether the court orders the inclusion of these documents in a supplemental record, the district clerk is directed to file a supplemental clerk's record with the Clerk of this Court containing a copy of the court's order. *Id.* 34.5(c). Unless the parties waive the making of a reporter's record in this hearing, the court reporter is directed to prepare and file a supplemental reporter's record of the hearing with the Clerk of this Court. *Id.* 13.1(a), 34.6(d). The supplemental records shall be filed within thirty days after the date of this order.