**Robert A. EAST, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 14–00–01522–CR, 14–00–01523–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 24, 2001.

Panel consists of Justices EDELMAN, FROST and Senior Chief Justice MURPHY.*

## ORDER

PER CURIAM.

Appellant, Robert A. East, was convicted in each of these cases of the offense of burglary and sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice for thirty years.

■ Barbara Drumheller was appointed to represent appellant on appeal. On February 27, 2001, appellant filed a motion to dismiss his appointed attorney and to proceed pro se on appeal. When a criminal appellant waives his right to appointed counsel, he waives many traditional benefits associated with the right to counsel. Before an appellant may dismiss appointed counsel and proceed pro se, the waiver must be "knowingly and intelligently" made. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (recognizing that the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Texas Constitution provide defendants in criminal trials have the right to assistance of counsel which may be knowingly and intelligently waived).

■ In *Martinez v. California,* 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000), the United States Supreme Court reaffirmed its holding that a criminal defendant has a constitutional right to conduct his own defense at trial if he voluntarily and intelligently elects to do so; however,

the Court then held that a criminal defendant has no federal constitutional right to represent himself on direct appeal from a conviction. 120 S.Ct. at 686–92. The Court added, however, that appellate courts may, in the exercise of their discretion, allow a defendant to proceed pro se on appeal based on the best interests of the defendant and the government. *Id.* at 691–92. In other words, criminal defendants have no federal constitutional right to self-representation on direct appeal, but states are not precluded from recognizing such a right under their own constitutions. *Id.*

■ This court has adopted the standard established in *Martinez,* and we review requests to proceed pro se on a case-by-case basis, considering the best interests of both the criminal appellant and the State. In this case, appellant asserts that he has "vigorously" asserted his wish to proceed pro se, and the trial court has denied those requests and appointed counsel to represent him on appeal. Appellant asserts that there are several issues he wishes to raise that his appointed attorney will not include in the brief on appeal. Appellant's motions in this court demonstrate he appears to have an adequate understanding of the law and procedure to conduct his own appeal. Accordingly, on March 15, 2001, we issued an order directing the trial court to conduct a hearing at which appellant, appellant's attorney, and state's counsel were to be present to determine, among other matters, whether appellant's waiver of assistance of counsel was made voluntarily, knowingly, and intelligently.

A visiting judge conducted the hearing by video teleconference on April 19, 2001. *See* TEX.CODE CRIM. PROC. ANN. art. 27.18 (Vernon Supp.2001) (outlining the proce-

* Senior Chief Justice Paul C. Murphy sitting by assignment.

dure for the acceptance of a plea or waiver of rights by closed circuit video teleconferencing).[1] Appellant objected to conducting the proceedings by video teleconference, stated he had not given his written consent, and requested a hearing in open court, citing article 27.18. The court denied appellant's request for a hearing in open court and completed the hearing. A record of that hearing was filed in this court on April 20, 2001.

█ On April 30, 2001, appellant filed a motion in this court requesting a *Faretta* hearing in open court. We grant the motion. The statute states that a hearing such as this, where a defendant is waiving a constitutional right, may be conducted by video teleconference if the defendant and his counsel file with the court written consent to the procedure. Tex.Code Crim. Proc. Ann. Art. 27.18(a)(1) (Vernon Supp. 2001). No written consent appears in our record and appellant stated at the hearing that he had signed none. Accordingly, we hold that absent appellant's written consent to video teleconferencing, the *Faretta* hearing must be conducted in open court.

WE ORDER the Judge of the 339th District Court to conduct a hearing at which appellant, appellant's attorney, and state's counsel shall be present to determine: (1) whether appellant desires to prosecute his appeal; (2) whether appellant wishes to discharge his appointed attorney and proceed with his appeal pro se; (3) whether the waiver of assistance of counsel is made voluntarily, knowingly and intelligently; (4) whether appellant's decision to proceed pro se is in the best interest of appellant and of the State; and (5) whether appellant is fully aware of the dangers and disadvantages of self-representation. *See Collier v. State,* 959 S.W.2d 621, 625–26 (Tex.Crim.App.1997); *Blankenship v. State,* 673 S.W.2d 578, 583 (Tex. Crim.App.1984).

WE FURTHER ORDER the Judge of the 339th District Court to have a court reporter to prepare a reporter's record of the hearing. The reporter's record, and a supplemental clerk's record containing the trial court's findings, shall be filed with the Clerk of this Court on or before June 22, 2001.

---

1. The statute provides as follows:

Art. 27.18. Plea or Waiver of Rights by Closed Circuit Video Teleconferencing

(a) Notwithstanding any provision of this code requiring that a plea or a waiver of a defendant's right be made in open court, a court may accept the plea or waiver by broadcast by closed circuit video teleconferencing to the court if:

(1) the defendant and the attorney representing the state file with the court written consent to the use of closed circuit video teleconferencing;

(2) the closed circuit video teleconferencing system provides for a simultaneous, compressed full motion video, and interactive communication of image and sound between the judge, the attorney representing the state, the defendant, and the defendant's attorney; and

(3) on request of the defendant, the defendant and the defendant's attorney are able to communicate privately without being recorded or heard by the judge or the attorney representing the state.

(b) On motion of the defendant or the attorney representing the state or in the court's discretion, the court may terminate an appearance by closed circuit video teleconferencing at any time during the appearance and require an appearance by the defendant in open court.

(c) A recording of the communication shall be made and preserved until all appellate proceedings have been disposed of. The defendant may obtain a copy of the recording on payment of a reasonable amount to cover the costs of reproduction or, if the defendant is indigent, the court shall provide a copy to the defendant without charging a cost for the copy.

Tex.Code Crim. Proc. Ann. Art. 27.18 (Vernon Supp.2001).

Any motion to extend time for filing the appellant's brief in this cause must be submitted to and ruled upon by the Fourteenth Court of Appeals.

