James Alvin Camp Jr. v. State of Texas

















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-328-CR

     JAMES ALVIN CAMP, JR.,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # F33542
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      A jury convicted James Alvin Camp, Jr. of multiple counts of aggravated sexual assault and
indecency with a child and a single count of attempted indecency with a child. Camp pleaded true
to a single enhancement allegation. The jury assessed his punishment at life for the aggravated
sexual assault convictions, ninety-nine years for the indecency with a child convictions, and twenty
years for the attempted indecency with a child conviction. Camp contends in three issues that: (1)
the court erred in sentencing him under enhanced punishment ranges because the jury did not find
the enhancement allegation true and the judgment does not recite a finding on the enhancement
allegation; (2) the court abused its discretion by admitting outcry testimony because the State failed
to give the required notice; and (3) the evidence is insufficient to sustain the conviction for
attempted indecency with a child.
      In his second issue, Camp argues that the court abused its discretion by admitting outcry
testimony because the record does not reflect that the State gave the notice required by article
38.072 of the Code of Criminal Procedure.
      Article 38.072, section 2(b) requires the State to give fourteen days’ notice in writing of its
intent to introduce outcry testimony. See Tex. Code Crim. Proc. Ann. art. 38.072, § 2(b)(1)
(Vernon Supp. 2001). This notice must inform the defendant of the outcry witness’s name and
provide a summary of the statement. Id.
      After Camp filed his appellant’s brief raising this issue, the State filed a motion to supplement
the clerk’s record with copies of the original outcry notices. According to the motion, the district
clerk apparently lost the original notices. The State attached copies and asked that we “determine
what constitutes [sic] accurate copies of the missing documents and order them to be included in
the clerk’s record or a supplement.” See Camp v. State, 16 S.W.3d 920, 921 (Tex. App.—Waco
2000, order) (per curiam).
      Because Camp would not stipulate to the authenticity of the tendered copies, we abated the
matter to the trial court “to determine whether the documents attached to the State’s motion
constitute[d] accurate copies of [the] pleadings filed with the district clerk.” Id.; Tex. R. App. P.
34.5(e). The trial court complied with this directive and found that the copies at issue were
accurate. Those copies have been forwarded to this Court in a supplemental clerk’s record.
      The notices identify the outcry witness and provide a written summary of the statements at
issue. The State sent these notices to defense counsel approximately two and one-half months
before trial. Thus, the State provided the notice required by article 38.072, and Camp’s second
issue is without merit.
      Camp claims in his third issue that the evidence is “insufficient” to prove that he committed
the offense of attempted indecency with a child. We construe this as a challenge to the legal
sufficiency of the evidence to support the conviction. See Brown v. State, 35 S.W.3d 183, 187-88
(Tex. App.—Waco 2000, pet. filed); Caldwell v. State, 943 S.W.2d 551, 552 (Tex. App.—Waco
1997, no pet.).
      In reviewing a claim of legal insufficiency, we view the evidence in a light most favorable to
the verdict and determine whether any rational trier of fact could have found the essential element
beyond a reasonable doubt. Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000) (citing
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560, 573
(1979)). We resolve any inconsistencies in the evidence in favor of the verdict. Matson v. State,
819 S.W.2d 839, 843 (Tex. Crim. App. 1991).
      The indictment alleges in pertinent part that Camp committed this offense “by asking the
[victim] to lay on a couch next to him, and let him touch her breasts and genitals and by grabbing
her hand, which amounted to more than mere preparation that tended but failed to effect the
commission of the offense . . . .” 
      The victim testified that:
      •    Camp asked her to sit next to him on a couch;
 
      •    he asked her if she ever let anyone “touch [her] in private places” to which she responded
“no”;
 
      •    he asked her if she “would lay back on the couch and let him touch [her] breasts and
[her] private area down there” to which she responded “no” and “started to get up”;
 
      •    when she stood to walk away, Camp grabbed her by the wrist and asked her to sit down;
and
 
      •    when she said “no” and began to walk away, he grabbed her arm “in an attempt to pull
[her] back.”

      Reviewing this evidence in the light most favorable to the verdict, we hold that the evidence
is legally sufficient to support the conviction. See Hackbarth v. State, 617 S.W.2d 944, 945-46
(Tex. Crim. App. [Panel Op.] 1981); Franklin v. State, 34 Tex. Crim. 203, 213, 29 S.W. 1088,
1090 (1895). Thus, Camp’s third issue is without merit.
      Camp avers in his first issue that the court erred by sentencing him to enhanced punishments
without an affirmative jury finding on the enhancement allegation. He also complains of the
absence of an affirmative finding on the enhancement allegation in the judgment.
      Camp pleaded true to the enhancement allegation. The State offered in evidence the
penitentiary packet reflecting the prior conviction alleged without objection. The court’s
punishment charge informed the jury that Camp had pleaded true to the enhancement allegation
and instructed the jury to assess his punishment within the ranges provided for a person previously
convicted of a felony. The jury assessed his punishment accordingly.
      The judgment contains the following recitals regarding the enhancement allegation:
      PLEA TO ENHANCEMENT PARAGRAPH(S): True 
      ENHANCEMENT PARAGRAPH(S):   One 
      In a similar case, the Court of Criminal Appeals has held that, upon a defendant’s plea of
“true” to an enhancement allegation, “the validity of the enhancement allegation [i]s not in issue”
and there is “no need to submit its validity for the jury’s consideration.” Howell v. State, 563
S.W.2d 933, 936 (Tex. Crim. App. [Panel Op.] 1978); accord Wilson v. State, 671 S.W.2d 524,
526 (Tex. Crim. App. 1984); Kenneybrew v. State, 576 S.W.2d 861, 862 (Tex. Crim. App. [Panel
Op.] 1979); Vance v. State, 970 S.W.2d 130, 133 (Tex. App.—Dallas 1998, no pet.).
      Camp cites Turk v. State as authority for the proposition that the punishment verdicts must
be reversed in the absence of an affirmative finding on the enhancement allegation. 867 S.W.2d
883 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d). In Turk, the State alleged two prior felony
convictions to enhance the defendant’s punishment to that of an habitual offender. Id. at 887-88
(citing Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2001)). Turk pleaded “true” to one of
these allegations and “not true” to the other. The prosecution offered no punishment evidence
because a fingerprint expert was unavailable. After a presentence investigation, a different judge
proceeded to pronounce Turk’s sentence. This second judge “assumed that the enhancement
allegations had been properly presented, and the prosecutor did not attempt to correct his
assumption.” The judgment recited that both enhancement allegations were found true. In a
“special hearing,” each judge who presided over Turk’s trial testified that he did not make a
finding of true on the enhancement allegations.
      Even though the punishment assessed (50 years) would fall within the habitual or enhanced
punishment ranges for Turk’s convictions, the court reversed for a new punishment hearing
because it could not “assume that the trial court automatically would assess another 50-year
punishment.”


 Id. at 888. We believe Turk is distinguishable however because the defendant in
that case pleaded “not true” to one of the enhancement allegations.
      Nonetheless, Camp is correct that the judgment does not recite a finding on the enhancement
allegation. Article 37.12 of the Code of Criminal Procedure requires the court to enter “the
proper judgment.” Tex. Code Crim. Proc. Ann. art. 37.12 (Vernon 1981); see also Rachuig
v. State, 972 S.W.2d 170, 179 (Tex. App.—Waco 1998, pet. ref’d). Such a judgment must
accurately reflect the court’s findings on any enhancement allegations. See Tex. Code Crim.
Proc. Ann. art. 42.01, § 1(7) (Vernon Supp. 2001); Rachuig, 972 S.W.2d at 179; State v.
Dickerson, 864 S.W.2d 761, 764 (Tex. App.—Houston [1st Dist.] 1993, no pet.).
      For this reason, we modify that portion of the court’s judgment which recites,
“ENHANCEMENT PARAGRAPH(S): One ,” to read, “FINDING ON ENHANCEMENT
PARAGRAPH(S): True .” This modification aside, Camp’s first issue is without merit.
      We affirm the judgment as modified.
 
                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed as modified
Opinion delivered and filed August 1, 2001
Do not publish