**Mark Wayne LOMAX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–03–00156–CR.**

Court of Appeals of Texas,
Waco.

June 23, 2004.

---

Mark Wayne Lomax, Rosharon, pro se.

Charles A. Rosenthal Jr., Harris County District Atty., Houston, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ORDER

PER CURIAM.

Mark Wayne Lomax represents himself in this appeal. He has filed a series of motions with this Court in which he contends that certain items have been omitted from the appellate record and that the record suffers from other deficiencies. Lomax requests that a hearing be conducted so that the record can be corrected. The State has not responded to Lomax's motions. Because it appears that the record may be inaccurate, which can only be determined and ordered corrected by further proceedings in the trial court, we will abate this appeal to the trial court for such proceedings.

Lomax's "Appellants Motion to Object to Trial Record"[1] identifies six alleged inac-

---

1. More precisely, "Appellants Motion to Object to Trial Record # 907028 Because Said

curacies in the record: (1) the reporter's record does not reflect a statement allegedly made by the trial judge during the course of the trial; (2) certain witness statements which were referred to at trial but not offered in evidence are not included in the reporter's record; (3) certain documentary exhibits which were offered in evidence are not included in the reporter's record; (4) the jury strike lists are not included in the clerk's record; (5) copies of certain photographs included in the reporter's record are too poor in quality for use on appeal; and (6) copies of two volumes of the reporter's record have not been provided to Lomax.

Rule 34.6(e)(3) sets out the procedure to be followed when a party challenges the accuracy of the reporter's record after it has been filed in the appellate court. *See* Tex.R.App. P. 34.6(e)(3). The rule provides:

> (e) *Inaccuracies in the Reporter's Record.*

> (3) Correction After Filing in Appellate Court. If the dispute arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution. The trial court must then ensure that the reporter's record is made to conform to what occurred in the trial court.

*Id.*

With respect to defects or inaccuracies in the clerk's record, Rule 34.5(d) requires an appellate court clerk to "inform the trial court clerk of the defect or inaccuracy and instruct the clerk to make the correction." *Id.* 34.5(d).

■ According to the Supreme Court, "appellate courts must construe [the rules governing correction of the appellate record] liberally so their decisions 'turn on substance rather than procedural technicality.'" *Gallagher v. Fire Ins. Exchange,* 950 S.W.2d 370, 371 (Tex.1997) (per curiam) (quoting *Crown Life Ins. Co. v. Est. of Gonzalez,* 820 S.W.2d 121, 121 (Tex. 1991) (per curiam)); *accord Baker v. Trand, Inc.,* 931 S.W.2d 405, 407 (Tex. App.-Waco 1996, order, no writ) (per curiam). As the Fourteenth Court has said, "The purpose of [these rules] is to create an **accurate** record on appeal." *Blondett v. State,* 921 S.W.2d 469, 477 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd).

Bearing these standards in mind, we now review the objections to the record asserted by Lomax.

### STATEMENT OF TRIAL JUDGE

Lomax contends that, during the testimony of lab technician Winston Johnson, the trial judge *sua sponte* informed the jury that a second blood specimen was not taken from Lomax on the occasion in question[2] because "he fled the hospital." Two witnesses testified that Lomax left the hospital before being discharged. A nurse testified that he "left the hospital without knowledge of the staff." The director of the hospital lab testified that a second blood specimen was not taken from Lomax because "[h]e fled the hospital." The re-

---

Trial Record is Incomplete," which was filed on May 13, 2004. Lomax also has pending before this Court: (1) a "Request for Hearing due to Altered Trial Record" (filed on May 13, 2004); (2) a "Motion to Extend Time to File Appellants Brief due to the Fact the Trial Record is Incomplete" (filed on May 13, 2004); and (3) an "Appellants First Motion to Extend Time to Review Appellante [sic] Rec-

ord (Due to the Appellante [sic] Record Being Incomplete" (filed on June 9, 2004)).

**2.** The State prosecuted Lomax for felony murder because of his involvement in a collision which resulted in the death of a 5–year–old. According to the evidence, he was intoxicated at the time of the collision.

porter's record does not reflect that the trial judge ever personally made this statement.

Lomax alleged in his motion for new trial that the judge made this statement. He testified at the hearing on his motion for new trial that the judge did so. The State has never challenged this assertion. Accordingly, we will order the trial court to determine whether this statement was made and, if so, to have the record corrected.

## ITEMS NOT OFFERED
## IN EVIDENCE

■ Lomax contends that the reporter's record does not include: (1) the written statements of Elaine Torres, a witness to the collision; (2) the statement of the victim's mother, Ingrid Castillo; and (3) Ingrid Castillo's medical records. However, these items were not offered in evidence. Because they were not, they cannot be considered on appeal. *See Webber v. State*, 21 S.W.3d 726, 731 (Tex.App.-Austin 2000, pet. ref'd). Accordingly, Lomax's motion is denied with respect to these items.

## DOCUMENTARY EXHIBITS
## OFFERED IN EVIDENCE

Lomax contends that several documentary exhibits which were offered in evidence have been omitted from the reporter's record. Those exhibits are: (1) numerous accident reports concerning other accidents in the same vicinity as the collision from which Lomax's prosecution stems, offered in evidence as Defendant's Exhibit No. 67; (2) the EMS report from the collision in question, apparently admitted at trial as Defendant's Exhibit No. 58 and re-admitted in the

hearing on Lomax's motion for new trial as Defendant's Exhibit No. 3; (3) a stipulation tendered to the trial court at the beginning of trial and marked as State's Exhibit No. 57; (4) the autopsy report, admitted at trial as State's Exhibit No. 55; and (5) certain pictures of the victim, apparently offered in evidence as State's Exhibits Nos. 2, 66, and 67.

The reporter's record on file with this Court includes Defendant's Exhibit No. 67, State's Exhibit No. 57, and State's Exhibit No. 55.[3] The other exhibits referenced by Lomax are not included in the reporter's record. Accordingly, we will order the trial court to have the record corrected to include these exhibits if they were offered in evidence at trial and/or during the hearing on Lomax's motion for new trial.

## JURY STRIKE LISTS

■ Lomax contends that the clerk's record is deficient because it does not include copies of the jury strike lists. He does not cite a basis for their inclusion in the clerk's record. We note that juror information is confidential, and its disclosure is statutorily prohibited absent a showing of good cause. *See* TEX.CODE CRIM. PROC. ANN. art. 35.29 (Vernon Supp. 2004). Accordingly, we will order the trial court to have the clerk's record supplemented to include the jury strike lists if Lomax makes the requisite showing of good cause.

## POOR QUALITY PHOTOGRAPHS

■ Lomax contends that a number of the photographs offered in evidence and included in the reporter's record are of "very poor quality and . . . useless to the appellant because they do not reflect what

---

**3.** If these exhibits were not included in the copy of the record provided to Lomax, they should be promptly provided to him.

the jury seen [sic] and the appellant cannot show this court what error was committed at trial...." Lomax requests that the originals be included.

Lomax seems to be requesting that the originals "or exact color copies" be provided directly to him. If so, that request is denied. Rule 34.6(g)(2) authorizes this Court to review original exhibits on the request of the trial court, a party, or on its own initiative. TEX.R.APP. P. 34.6(g)(2). The trial court may consider this issue during the abatement hearing and have the originals forwarded to this Court if the trial court determines that they should be. *Id.* Until the appellant's brief is filed, this issue is premature for a ruling by this Court.

## MISSING VOLUMES

Lomax contends that he was not provided copies of volumes 16 and 17 of the Reporter's Record. The transmittal letter from the district clerk to Lomax recites that the reporter's record contains 17 volumes. The reporter's record on file with this Court has only 15 volumes. Accordingly, we will instruct the trial court to determine whether there are 2 additional volumes of the reporter's record and, if so, to forward copies of those volumes to this Court and to Lomax.

## EXHIBIT INDEX

This Court notes that the reporter's record does not contain an exhibit index. *See* Uniform Format Manual for Texas Court Reporters § 16.20(c), 62 Tex. B.J. 595 (1999). The parties offered more than 150 exhibits at trial which cover hundreds of pages in four volumes of the reporter's record. An exhibit index is essential to aid the parties and this Court in evaluating the merits of the appeal. Accordingly, we instruct the court reporter to prepare an exhibit index as provided by the Uniform Format Manual after the trial court has determined what other modifications must be made to the reporter's record.

## CONCLUSION

■ We abate this appeal to the trial court for a hearing to determine the accuracy of the reporter's record with respect to: (1) the alleged *sua sponte* statement of the trial judge; (2) the documentary exhibits offered in evidence but not included in the reporter's record; and (3) any omitted volumes (*i.e.,* volumes 16 and 17). *See* TEX.R.APP. P. 34.6(e)(3); *Winkfield v. State,* 792 S.W.2d 727, 729 (Tex.App.-Corpus Christi 1990, pet. ref'd); *see also Camp v. State,* 16 S.W.3d 920, 921 (Tex. App.-Waco 2000, order, pet. ref'd) (abating for supplementation of clerk's record); *Moss v. State,* 13 S.W.3d 877, 880 (Tex. App.-Fort Worth 2000, pet. ref'd) (discussing similar abatement). The trial court in its discretion may also consider the clarity of the photographs about which Lomax complains and any other deficiencies or inaccuracies which Lomax or the State may call to the court's attention. The court is ordered to conduct this hearing within thirty days after the date of this order.

If the court finds that the record is inaccurate, then the court is ordered to sign a written order reflecting this finding and ordering the court reporter to (1) prepare a corrected record which "conform[s] to what occurred in the trial court" and (2) file it with the Clerk of this Court. *See* TEX.R.APP. P. 34.6(e)(2). If the court finds that the record is accurate, then the court is ordered to sign a written order to that effect.

If the court finds that the clerk's record should be supplemented by the inclusion of the jury strike lists or should be corrected or supplemented in some other respect, then the court is ordered to sign a written

order reflecting this finding and ordering the district clerk to (1) prepare a supplemental clerk's record and (2) file it with the Clerk of this Court. *Id.* 34.5(c)(1). If the court finds that no supplementation or correction of the clerk's record is necessary, then the court is ordered to sign a written order to that effect.

Regardless of whether the court orders a supplementation or correction of the record, the district clerk is ordered to file a supplemental clerk's record containing a copy of the court's order(s) with the Clerk of this Court. *Id.* 34.5(c). If necessary to any issue on appeal, unless the parties waive the making of a reporter's record in the abatement hearing, the court reporter is ordered to prepare and file a supplemental reporter's record of the abatement hearing with the Clerk of this Court. *Id.* 13.1(a), 34.6(d). The supplemental record(s) and an exhibit index must be filed with the Clerk of this Court within forty-five days after the date of this order.

Lomax's motion for extension of time to file the appellant's brief is denied without prejudice. The timetable for filing the appellant's brief will start anew when the supplemental record(s) required by this Order are filed.