IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00386-CR

 

Richard Oduol,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the County Criminal Court at Law No. 1

Harris County, Texas

Trial Court No. 1319226

 



ABATEMENT ORDER



 








          Appellant has represented himself at
trial and continues to do so on appeal.  However, the record does not reflect
that he has waived the right to counsel in writing or that he has been
admonished of the dangers and disadvantages of self-representation.  In
addition, Appellant contends that the reporter’s record is inaccurate. 
Accordingly, we will abate the appeal for the trial court to resolve these
issues.

          When a criminal defendant contests his
guilt and desires to waive his right to counsel and represent himself, “the
waiver should be made ‘knowingly and intelligently’ and he should be warned of
the ‘dangers and disadvantages’ accompanying such waiver.”  Hatten v. State,
71 S.W.3d 332, 333 (Tex. Crim. App. 2002) (quoting Faretta v. California,
422 U.S. 806, 835, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562 (1975)); accord
Fewins v. State, 170 S.W.3d 293, 295 (Tex. App.—Waco 2005, order) (per
curiam); East v. State, 48 S.W.3d 412, 413 (Tex. App.—Houston [14th
Dist.] 2001, order) (per curiam).

          A waiver of the right to counsel must
be in writing and must substantially comply with article 1.051(g) of the Code
of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 1.051(g) (Vernon 2005); Fewins, 170
S.W.3d at 294.

          Here, there is nothing in the record
to indicate that the trial court warned Appellant of the “dangers and
disadvantages” of self-representation and there is no written waiver of the
right to counsel in the record.  Accordingly, we will abate the appeal for the
trial court to so warn Appellant and for a written waiver of counsel to be
signed.  See Fewins, 170 S.W.3d at 294; East, 48 S.W.3d at
413-14.

          In addition, Appellant contends
(without much specificity) that the reporter’s record is inaccurate.  Appellant
states in a motion[1]
filed on January 13, 2006 that the reporter’s record has “several errors,
omissions and discrepancies.”  He states that he has been unable to convince
the court reporter to make corrections he believes to be necessary.

          Rule of Appellate Procedure 34.6(e)(3)
authorizes an appellate court to submit a dispute about the accuracy of the
reporter’s record to the trial court for resolution.  See Tex. R. App. P. 34.6(e)(3); Lomax v.
State, 153 S.W.3d 582, 584 (Tex. App.—Waco 2004, order) (per curiam). 
Accordingly, we will abate the appeal for the trial court to resolve
Appellant’s complaints about the accuracy of the reporter’s record.

          If the court finds that the reporter’s
record is inaccurate, then the court is ordered to sign a written order
reflecting this finding and ordering the court reporter to (1) prepare a
corrected record which “conform[s] . . . to what occurred in the trial court”
and (2) file it with the Clerk of this Court.  See Tex. R. App. P. 34.6(e)(2); Lomax,
153 S.W.3d at 586.  If the court finds that the record is accurate, then the
court is ordered to sign a written order to that effect.  See Lomax, 153
S.W.3d at 586.

Regardless of whether the court orders a
supplementation or correction of the reporter’s record, the district clerk is
ordered to file a supplemental clerk’s record containing a copy of the court’s
order(s) with the Clerk of this Court.  See Tex. R. App. P. 34.5(c); Lomax, 153 S.W.3d at 587.  If
necessary to any issue on appeal, unless the parties waive the making of a
reporter’s record in the abatement hearing, the court reporter is ordered to
prepare and file a supplemental reporter’s record of the abatement hearing with
the Clerk of this Court.  See Tex.
R. App. P. 13.1(a), 34.6(d); Lomax, 153 S.W.3d at 587.

The trial court shall conduct the hearing within
30 days after the date of this order.  The trial court clerk and the court
reporter shall file supplemental records within 45 days after the date of this order. 
See Fewins, 170 S.W.3d at 296-97; Lomax, 153 S.W.3d at 586-87.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Order issued and filed
May 10, 2006

Do not publish          









[1]
          Appellant regularly fails to
include certificates of service in his pleadings, including this motion.  See
Tex. R. App. P. 9.5.  The Clerk
of this Court has warned Appellant on several occasions of this deficiency.  If
Appellant continues to fail to serve copies of his pleadings on counsel for the
State, his pleadings may be struck, and he may be prohibited from filing
similar documents in the future.  Id. 9.4(i).








irm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Affirmed

Opinion delivered and filed November 14, 2007

Do not publish

[CRPM]