IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00383-CV

 

George Lee, D.D.S.,

                                                                      Appellant

 v.

 

Michael Zingalis (D.D.S.), P.A., 

Individually,

                                                                      Appellee

 

 



From the 281st District Court

Harris County, Texas

Trial Court No. 0337192

 



CONCURRING AND DISSENTING Opinion










 

          When we abated this appeal, we asked only
for a determination of whether the record was accurate.  Lee v. Zingalis,
No. 10-05-00383-CV (Tex. App.—Waco June 14, 2006, order) (not designated for
publication) (attached as Appendix 1).  Now the majority refuses to reach the
merits of Zingalis’s motion for sanctions because we can only “infer” from the
findings of the trial court that the fault for the inaccuracy found by the
trial court was Onwuteaka.  If we wanted the trial court to determine fault and
recommend appropriate sanctions, we should have included that in the scope of
the abatement order.  We did not.  And because we did not order the trial court
to determine the cause of the inaccuracy, we should not hide behind the trial
court’s not having made that determination to avoid deciding the issue.  The
majority, or a member of the majority, “might not agree in an in-district
case,” but the origin of the case is irrelevant to my determination and should
be irrelevant to the majority.  We should determine the merits of Zingalis’s
motion.  

          On the record before us, including the
fact that this entire appeal is based upon a record that was accurate when it
was delivered to Onwuteaka, but was altered, and the appeal then based solely upon
that altered portion of the record, I have no problem assessing responsibility
for alteration of the record, with Onwuteaka, and assessing serious sanctions,
$40,000.00.  Therefore, I dissent from the refusal of the majority to make the
determinations necessary for a disposition of Zingalis’s motion, or their
refusal to abate this proceeding to the trial court to make whatever
determinations they feel are necessary to decide the motion.

          Additionally, I would overrule the
motion for sanctions filed by Onwuteaka,[1]
dismiss the appeal as requested by Lee, and assess all costs of the appeal
against Lee.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Concurring
and dissenting opinion delivered and filed February 7, 2007




APPENDIX I

 

 

ABATEMENT
ORDER

 

 

         
Michael Zingalis has filed a motion to correct inaccuracies in the reporter’s
record and for sanctions.  Zingalis contends that, when George Lee had
possession of the appellate record for preparation of his brief, Lee removed an
exhibit from the reporter’s record, altered the exhibit, then returned the
reporter’s record to the Clerk of this Court with the altered exhibit. 
Lee has not filed a response to Zingalis’s motion.  Therefore, because
Zingalis contends that the reporter’s record is inaccurate, we will abate this
appeal for a hearing in the trial court to evaluate the correctness of the
record.  We will defer a ruling on Zingalis’s request for sanctions until
the accuracy of the record has been determined.

         
Rule of Appellate Procedure 34.6(e)(3) authorizes an appellate court to submit
a dispute about the accuracy of the reporter’s record to the trial court for
resolution.  See Tex. R.
App. P. 34.6(e)(3); Lomax v. State, 153 S.W.3d 582, 584 (Tex.
App.—Waco 2004, order) (per curiam).  If the court finds that the reporter’s
record is inaccurate, then the court shall sign a written order reflecting this
finding and ordering the court reporter to (1) prepare a corrected record which
“conform[s] . . . to what occurred in the trial court” and (2) file it with the
Clerk of this Court.  See Tex.
R. App. P. 34.6(e)(2); Lomax, 153 S.W.3d at 586.  If the
court finds that the record is accurate, then the court shall sign a written
order to that effect.  See Lomax, 153 S.W.3d at 586.

Regardless of whether the court orders a supplementation
or correction of the reporter’s record, the district clerk is ordered to file a
supplemental clerk’s record containing a copy of the court’s order(s) with the
Clerk of this Court.  See Tex.
R. App. P. 34.5(c); Lomax, 153 S.W.3d at 587.  If necessary
to any issue on appeal, unless the parties waive the making of a reporter’s
record in the abatement hearing, the court reporter is ordered to prepare and
file a supplemental reporter’s record of the abatement hearing with the Clerk
of this Court.  See Tex. R.
App. P. 13.1(a), 34.6(d); Lomax, 153 S.W.3d at 587.

The trial court shall conduct the hearing within
30 days after the date of this order.  The trial court clerk and the court
reporter shall file supplemental records within 45 days after the date of this
order.  See Lomax, 153 S.W.3d at 586-87.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Order issued and filed
June 14, 2006

Do not publish

 









[1]
I find absolutely nothing in this record
to suggest that the actions taken by Zingalis’s attorney were for any reason
other than the zealous representation of his client.  Any inference to the
contrary in the majority opinion is flatly rejected.