IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00375-CR

No. 10-08-00376-CR

 

William Brown Parhm,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 13th District Court

Navarro County, Texas

Trial Court Nos. 28777-CR and
30744-CR

 



ABATEMENT ORDER










 

            Counsel for William Brown Parhm has
filed a brief pursuant to Anders v. California and a motion to withdraw
as counsel.  See Anders v. California, 386 U.S. 738 (1967).  Parhm has
filed a pro-se response to the brief, alleging in part that the reporter’s record
is inaccurate as to certain statements made during his hearing before the trial
court on the motion to revoke probation filed in each of his two cases.  The
State has filed no response.

            Therefore, pursuant to Texas Rule of
Appellate Procedure 34.6(e)(3), we find it necessary to abate this proceeding
to the trial court for a hearing to determine whether there is any inaccuracy
in the court reporter’s record.  Parhm contends that there were statements made
regarding his performance at S.A.F.P. made by the trial court and the State
that were omitted from the reporter’s record as filed with this Court.  The
trial court is ordered to conduct this hearing within thirty days after the
date of this order.  See Lomax v. State, 153 S.W.3d 582, 586 (Tex.
App.—Waco 2004, order) (per curiam).

If the trial court finds that the record is
inaccurate, then the trial court is ordered to sign a written order reflecting
this finding and ordering the court reporter to (1) prepare a corrected record
which "conforms to what occurred in the trial court" and (2) file it
with the Clerk of this Court.  See Tex.
R. App. P. 34.6(e)(2).  See also Lomax, 153 S.W.3d at 587.  If
the trial court finds that the record is accurate, then the trial court is
ordered to sign a written order to that effect.

Regardless of whether the trial court orders a
supplementation or correction of the record, the district clerk is ordered
to file a supplemental clerk's record containing a copy of the court's order(s)
with the Clerk of this Court.  Id. 34.5(c).  If necessary to any issue
on appeal, unless the parties waive the making of a reporter's record in the
abatement hearing, the court reporter is ordered to prepare and file a
supplemental reporter's record of the abatement hearing with the Clerk of this Court.
 Id. 13.1(a), 34.6(d).  The supplemental record(s) and an exhibit index
must be filed with the Clerk of this Court within forty-five days after the
date of this order.

 

                                                                        PER
CURIAM

 

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Abated

Opinion delivered and
filed October 14, 2009

Do
not publish