In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-15-00083-CR
_____

THE STATE OF TEXAS, Appellant

V.

PHILLIP EDWARD NORWOOD, Appellee

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 10-01-00746 CR

ORDER

The State of Texas has appealed the trial court's order dismissing an indictment for failing to disclose the identity of a confidential informant. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2014). On March 5, 2015, the trial court granted a motion to withdraw filed by counsel for the Appellee, Phillip Edward Norwood. Norwood asserts that he is indigent and requests appointment of counsel. "A defendant in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding." Tex. Code Crim. Proc. Ann. art. 1.051(a) (West Supp. 2014). An indigent defendant is entitled to have an attorney appointed

1

to represent him in any adversary judicial proceeding, including an appeal. *Id.* art. 1.051(c), (d)(1). Matters concerning the appointment of counsel should be addressed by the trial court in the first instance. *See generally* Tex. Code Crim. Proc. Ann. art. 26.04(a) (West Supp. 2014).

It is, therefore, ORDERED that the case is remanded to the trial court for a hearing to determine whether the Appellee is indigent. *See id.* art. 1.051(m) - (o). If the Appellee is not represented by retained counsel, is not financially able to employ counsel, and requests that counsel be appointed, then the trial court shall appoint counsel to represent the Appellee for the appeal unless he elects to proceed *pro se*, in which case the trial court shall determine whether Appellee's decision is knowingly and intelligently made. *See Faretta v. California,* 422 U.S. 836, 95 S.Ct. 2525, 45 L.E.2d 562 (1975); *East v. State,* 48 S.W.3d 412 (Tex. App.–Houston [14th Dist.] 2001, no pet.). The supplemental clerk's record containing any orders and findings made by the trial court and a reporter's record of any hearings conducted pursuant to this Order shall be filed with the Court of Appeals by June 29, 2015. The appeal is abated and all appellate timetables are suspended while the case is in the trial court.

ORDER ENTERED May 28, 2015.

PER CURIAM

Before Kreger, Horton, and Johnson, JJ.

2