CROWN LIFE INSURANCE
COMPANY, Petitioner,

v.

ESTATE OF Eduardo J. GONZALEZ,
et al., Respondents.

No. D–1452.

Supreme Court of Texas.

Nov. 6, 1991.

Rehearing Overruled Dec. 11, 1991.

Joe R. Greenhill, Patrick O. Keel, Austin, John C. Holmgren, Shirley Selz, and Valerie M. Fogleman, Corpus Christi, for petitioner.

C.M. Zaffirini and Yvonne Salinas Gonzalez, Laredo, for respondents.

PER CURIAM.

We consider whether a party who otherwise timely files a record on appeal should be granted pre-submission leave to supplement the record absent any finding of unreasonable delay. We conclude that TEX. R.APP.P. 55(b) should be liberally construed so that in such cases, leave should be granted.

This cause arises from a claim of bad faith filed against Crown Life Insurance Company (Crown) by the Estate of Eduardo J. Gonzalez (the Estate). Following the trial court's grant of summary judgment in favor of the Estate, Crown appealed. After the case was set for submission in the court of appeals, but before the actual submission date, Crown filed a motion for leave to supplement the record with two depositions considered by the trial court in granting summary judgment.[1] The court of appeals denied the motion and affirmed the trial court, in part because the record was incomplete.

We have previously held that TEX. R.APP.P. 55(b)[2] is to be liberally construed so that the decisions of the courts of appeals turn on substance rather than procedural technicality. *Gay v. City of Hillsboro*, 545 S.W.2d 765, 766 (Tex.1977) (interpreting former TEX.R.CIV.P. 428 (Vernon

---

1. Crown made its motion pursuant to TEX. R.APP.P. 55(b), and urged that the additional depositions were necessary to the disposition of the case on appeal. *See Goldsmith v. Stephenson*, 634 S.W.2d 331, 332 (Tex.App.—Dallas 1982, no writ).

2. TEX.R.APP.P. 55(b) [formerly TEX.R.CIV.P. 428 (Vernon 1985)] provides:

If anything material to either party is omitted from the transcript or statement of facts, before submission the parties by stipulation, or

the trial court, upon notice and hearing, either before or after the record has been transmitted to the appellate court, or the appellate court, on a proper suggestion or on its own initiative, may direct a supplemental record to be certified and transmitted by the clerk of the trial court or the official court reporter supplying such omitted matter. The appellate court shall permit it to be filed unless the supplementation will unreasonably delay disposition of the appeal.

**122**

1985)); *see also Smirl v. Globe Laboratories Inc.,* 144 Tex. 41, 44, 188 S.W.2d 676, 678 (1945) (appellant should be given opportunity to have disposition on the merits unless such causes violence to the rules). Here, the court of appeals made no finding that permitting supplementation would have unreasonably delayed the appeal. Moreover, while leave to supplement *post*-submission is often denied, seldom is a party who otherwise timely files a record denied *pre*-submission leave to supplement. *See Williams v. Mack Fin. Corp.,* 505 S.W.2d 316, 319–20 (Tex.Civ.App.—Tyler 1974, writ ref'd n.r.e.) (party denied post-submission leave). *But see General Life & Accident Ins. Co. v. Handy,* 766 S.W.2d 370, 372–73 (Tex.App.—El Paso 1989, no writ) (in dicta, court denied pre-submission leave finding that to grant motion would necessitate unwarranted delay).

■ The court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted depositions supported the trial court's judgment. *See DeSantis v. Wackenhut,* 793 S.W.2d 670, 689 (Tex.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 755, 112 L.Ed.2d 775 (1991). For the court of appeals to affirm the trial court's judgment on the basis of omitted items after having denied pre-submission supplementation of those items without having determined that such would unreasonably delay disposition of the appeal, however, offends the spirit of Tex.R.App.P. 55(b). *See also* Advisory Opinions of Subcommittee on Interpretation of the Texas Rules of Practice and Procedure in Civil Cases, 8 Tex.B.J. 6, 26 (1945).

Accordingly, pursuant to Tex.R.App.P. 170, without hearing oral argument, a majority of this court grants Crown's application for writ of error, reverses the judgment of the court of appeals, and remands this case to that court for further proceedings consistent with this opinion.