Seaton v. Bratton 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-136-CV

     JANICE DARLENE SEATON,
                                                                                              Appellant
     v.

     ALAN RAY BRATTON,
                                                                                              Appellee
 

From the 85th District Court
Brazos County, Texas
Trial Court # 33,038-85
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      This is an appeal from an order denying a motion to retain this case on the trial court's
docket, signed on December 19, 1991. A motion to reinstate the case was timely filed, as well
as an appeal bond. The time for filing the record expired on April 17, 1992, 120 days from the
signing of the appealable order. See Tex. R. App. P. 54(a). However, the record, consisting of
the transcript and statement of facts, was not received until May 20, 1992, at which time they were
filed and counsel were notified that the record was not received within 120 days of the order
denying the motion to retain.
      On May 28, Appellant filed a motion to extend time for filing the record. Appellee then filed
a motion to dismiss for failure to timely file the record and, in response to this motion, Appellant
states that a notice of appeal form from the district clerk incorrectly stated that the appeal was due
on May 22, 1992.
      Neither City of San Antonio v. Rodriguez, 35 Tex. Sup. Ct. J. 606 (February 26, 1992), nor
Crown Life Ins. v. Estate of Gonzalez, 820 S.W.2d 121 (Tex. 1991), are applicable here. Because
Appellant failed to file a motion for extension of time to file the record within fifteen days
following the date the record was due, Appellant's motion to extend time for filing the record or
to supplement the record on appeal is denied. See id. at 54(c). Appellee's motion to dismiss is
granted, and the appeal is dismissed. Id. at 60(a).
                                                                                     PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion delivered and filed July 22, 1992
Do not publish 



ng lot. In accordance with Appellant's desires, police did not
tow the vehicle.
          Appellant contends that the inventory was improper and that the trial court should have
suppressed the handgun. Inventory searches are legal and reasonable and need not be predicated
upon the same requirements for probable cause or in obtaining a search warrant. Backer v. State,
(Tex. Crim. App. 1983) 656 S.W.2d 463, 464. Inventory searches conducted pursuant to standard
police procedures are reasonable. The purpose of an inventory search is to protect the owner's
property while it remains in police custody, to protect the police against claims or disputes over
lost or stolen property, and to protect the police from potential damages. Kelley v. State, (Tex.
Crim. App. 1984) 677 S.W.2d 34, 37.
          At the time the police conducted the inventory of Appellant's vehicle, they were certainly
authorized to do so. It was only after the inventory had been completed that Appellant informed
the police that he wanted the car to remain on the garage parking lot. We conclude that the
evidence was sufficient to establish that the officers followed established departmental policy; that
the inventory search was proper, and that the evidence found in that search was admissible. 
Murdock v. State, (Tex. App.—Texarkana) 840 S.W.2d 558, 569.
          Appellant's point is overruled. The judgment of the trial court is affirmed.
 
                                                                                 FRANK G. McDONALD
                                                                                 Chief Justice (Retired)

Before Justice Cummings,
          Justice Vance, and
          Chief Justice (Retired) McDonald
Affirmed
Opinion delivered and filed January 27, 1993
Do not publish