**Emma Marlene BAKER and William Baker, Appellants,**

v.

**TRAND, INC. and James Claude Tindle, Appellees.**

No. 10–96–064–CV.

Court of Appeals of Texas, Waco.

Oct. 23, 1996.

Robert Charles Lyon & Sandi Pearson Fudge, Robert Lyon & Associates, Rowlette, Clay Jenkins, Jenkins & Jenkins, Waxahachie, for appellant.

Charles T. Frazier, Jr. & Gregory J. Lensing, Cowles & Thompson, P.C., Dallas, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION ON THE BAKERS' MOTION FOR LEAVE TO SUPPLEMENT THE STATEMENT OF FACTS

### PER CURIAM.

Emma Baker and her husband, William, sued Trand, Inc. and James Tindle (collectively "Trand") for personal injuries sustained as a result of a collision between Emma's car and a Trand 18–wheel tractor-trailer driven by Tindle. The jury found that Emma's negligence was the only proximate cause of the wreck, and the court rendered a take-nothing judgment against the Bakers. They directed the court reporter to prepare a statement of facts for use in this appeal, but specifically instructed him to leave out certain portions of the testimony and exhibits. They now seek to have those portions of the testimony transcribed and a complete exhibit volume prepared for inclusion in the record before us. Because the burden of showing that granting the motion will result in "unreasonable delay" is on the resisting party and Trand has failed to meet that burden, we grant the Bakers' motion.

Over a four day period of time in October 1995, the parties seated a jury, presented evidence from at least ten witnesses, and received the jury's verdict.[1] On the record before us, at least two of the witnesses, Dr. Charles Banta and Ollie Chappel, testified by videotape. After perfecting their appeal, the Bakers requested that the reporter prepare a statement of facts, but specifically told him that he "may omit ... from the statement of facts: (1) The testimony of Dr. Charles Banta, Stephen Strawn, Dr. Dale Funderburk and Ollie Chappel." They also listed some sixty-two of their own and "All Defendants'" exhibits for omission.

In their brief, the Bakers raise five points of error, dealing with complaints regarding the court's refusal to submit an instruction on negligence *per se* and a negligent hiring claim, the legal and factual sufficiency of the evidence supporting the jury's finding on negligence, and the court's action sustaining a hearsay objection raised by Trand. In its appellees' brief, Trand argues that the Bakers' failure to bring forward a complete statement of facts is fatal to each of their points of error. Trand filed its brief on August 28, 1996.

---

1. We say "at least ten witnesses" because the court reporter failed to include an index to the volumes of the statement of facts submitted to this court, thus we have no way of knowing, absent a page-by-page examination of the statement of facts, how many witnesses actually testified at trial. We recognize that there are no official rules promulgated by the Supreme Court governing the form of the statement of facts in a civil case as allowed by the Rules of Appellate Procedure. TEX.R.APP. P. 53(h). However, the Court of Criminal Appeals has issued rules setting the form that should be followed in a criminal case, including a requirement that a master witness index be placed in the front of the first volume and each volume have a sub-index listing the witness whose testimony is presented in that volume. *Id.* APPENDIX FOR CRIMINAL CASES R. 1(b)(4). The cautious civil practitioner would be well advised to ensure that the civil records presented to this court comply with all provisions of the appendix as well. *Id.* Additionally, by this order, we specifically request that the court reporters of our district comply with the provisions of the appendix regardless of the civil or criminal nature of the appeal. *Id.* (particularly rules 1(b)(3), (b)(4), and (b)(6)).

In response to Trand's brief, the Bakers requested leave from this court to supplement the statement of facts with the missing testimony. Tex.R.App. P. 55(b). In opposition, Trand argues that (1) the testimony is not "omitted" within the meaning of the rule because the Bakers made an intentional choice to instruct the reporter to leave that evidence out of the record and (2) allowing supplementation will "unreasonably delay" this appeal because it will have to rewrite its appellee's brief in light of the new portions of the record.

We are to liberally construe Rule 55(b) so that our decisions are based on substance rather than procedure. *Crown Life Ins. v. Estate of Gonzalez*, 820 S.W.2d 121, 122 (Tex.1991). In our view, a liberal construction of Rule 55(b) requires that the word "omitted" be interpreted literally to mean "missing" without any consideration of the scienter involved. *Id.* Rather, fault is more properly considered when determining if the delay inherent in supplementing the record is "unreasonable." Nothing in *Crown Life* suggests otherwise. Secondly, we believe that *Crown Life* requires that we make an affirmative finding of *unreasonable* delay. *Id.* at 121. Trand's concern about the time spent in re-briefing its arguments does not rise to a level which would support such a finding.

Therefore, we grant the Baker's motion to supplement the record. The supplemental statement of facts is due within twenty-one days of the date of this order.