COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:    Maxine Adams and Cecil Adams v. Rebecca Ross

Appellate case number:   01-11-00552-CV

Trial court case number:  2010-12207

Trial court:           269th District Court of Harris County

Appellant Cecil Adams has filed a letter-motion with the Court, informing the Court that the "parties stipulate and agree" that there are errors in the appellate record. Appellant Cecil Adams does not actually request that the Court take any action, although he styles his letter-motion as a "2nd letter requesting correction of defects or inaccuracies in the appellate record." In addition to the lack of request for relief, the letter-motion also fails to include a certificate of service or any evidence showing that the record is defective. *See* TEX. R. APP. P. 9.5(a), (b), (d), 10.1(a)(3), (4), 10.2.

Nevertheless, it appears that the documents marks Exhibit 1 — Exhibit 14, contained on pages 81–150 of the clerk's record filed in this Court on April 10, 2013, after the document entitled "Cecil Adams and Maxine Adams Supplemental Response to Notice of Designation of Next Friend and Motion to Correct Caption" and before the document entitled "Maxine Adams and Cecil Adams' Objection and Response to Ross' No-Evidence Motion for Summary Judgment," are exhibits to the latter document, rather than the former. Therefore, because of the extreme delays in this case, Cecil Adams' representation that the parties agree to the alleged errors, the attached email purporting to be from appellee's counsel stipulating to the alleged errors, and the fact that the record already contains all of the necessary and appropriate documents, we will grant the motion in part and deny the motion in part.

Accordingly, to the extent that Cecil Adams requests that the documents labeled as Exhibits 1–14 and currently included as exhibits to the document styled "Cecil Adams and Maxine Adams Supplemental Response to Designation of Next Friend and Motion to Correct Caption" should be included as exhibits to the document styled "Maxine Adams and Cecil Adams Objection and Response to Ross' No Evidence Summary Judgment," we will treat the exhibits as being exhibits to the latter document and not as exhibits to former document.[1]

---

[1]    In briefing, the parties should cite to the exhibits at issue with the page numbers as assigned in the clerk's record.

However, based on the excessive delays in this case, the ample opportunity for both parties to have reviewed the numerous records filed in this appeal, the repeated attempts to supplement, amend, or correct the record in this case, and the fact that all relevant documents are presently in the record, we conclude that any abatement of this appeal to have the trial court clerk "correct" the record would necessitate an unwarranted delay in this appeal.[2] *See Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 121–22 (Tex. 1991). Therefore, to the extent that Cecil Adams moves the Court to abate these proceedings or otherwise delay these proceedings for the purpose of having the trial court clerk correct the record, we deny the motion.[3]

Nothing in this order affects the briefing schedule previously established by this Court. Appellants' brief is still due on June 25, 2013.

It is so ORDERED.

Judge's signature: /s/ Harvey Brown

☑ Acting individually    ☐ Acting for the Court

Date: June 21, 2013

---

[2] Because this letter-motion was filed seven days before appellants' current deadline for filing their brief, any abatement of this appeal for "correction" of the clerk's record by the trial court clerk would necessarily entail additional delay in the filing of appellants' brief.

[3] To the extent that Rule 34.5(d) requires the Clerk of this Court to instruct the trial court clerk to correct any error or defect in the appellate record pertaining to these exhibits, we conclude that avoiding additional delay in the briefing of this appeal provides good cause to suspend operation of the Rule. *See* TEX. R. APP. P. 2, 34.5(d). And any further requests for amendment of the record must be accompanied by a stipulation signed by all parties or by an explanation establishing the extraordinary circumstances that caused the moving party to fail to discover the defect or inaccuracy in a timely fashion.