ACCEPTED
14-14-00175
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
1/29/2015 11:43:44 PM
CHRISTOPHER PRINE
CLERK

## No.  14-14-00175-CV

### IN THE COURT OF APPEALS
### FOURTEENTH DISTRICT OF TEXAS
### HOUSTON

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
1/29/2015 11:43:44 PM
CHRISTOPHER A. PRINE
Clerk

---

**J. M. ARPAD LAMELL**, *Appellant*

"Lamell"

*v.*

**ONEWEST BANK, FSB**, *Appellee*

"OneWest"

---

## MOTION TO EXTEND TIME TO FILE APPELLANT'S REPLY BRIEF

---

**January 29, 2015**

**J. M. ARPAD LAMELL**, *pro se*
5131 Glenmeadow Drive
Houston, TX 77096
lamell@alum.mit.edu
(713) 857 2483
*Appellant*

TO THE HONORABLE COURT OF APPEALS:

Comes now Appellant J. M. ARPAD LAMELL ("Lamell") requesting that he be granted an extension of time for twenty (20) days in which to file his *Appellant's Reply Brief*, as attached herewith, and that this brief will be accepted as timely filed. As grounds for such Lamell would show as follows:

## I. Background

1.     Appellant is J. M. Arpad Lamell. Appellee is OneWest Bank, FSB ("OneWest"). Lamell is a non-attorney and is representing himself *pro se.*

2.     Lamell's appeal arises out of orders issued on January 31, 2014, signed by the Honorable R. K. Sandill, Judge of the 127th District Court of Harris County, Texas, under that Court's Cause No. 2010-11491 and styled *J. M. Arpad Lamell v. OneWest Bank, FSB* ("OneWest").

3.     Lamell submitted his *Appellant's Brief* on October 21, 2014.

4.     OneWest submitted its *Appellee's Brief* on November 20, 2014.

5.     Lamell filed a *Motion for Leave to Supplement* on December 29, 2014, attaching thereto his *Appellant's Supplemental Brief.*

6.     This Court Granted Lamell's *Motion for Leave to Supplement* on January 8, 2015.

7. *Appellant's Reply Brief* was due January 9, 2015. TEX. R. APP. P. 10.5(b)(1)(A). Lamell seeks an extension in the filing of his *Appellant's Reply Brief* of twenty (20) days to January 28, 2015, and the Court's acceptance as timely filed of *Appellant's Reply Brief* attached herewith. TEX. R. APP. P. 10.5(b)(1)(B).

8. Lamell has previously sought one extension in the filing of his *Appellant's Reply Brief* by Motion dated December 9, 2014. This Court granted the Motion the same day extending the deadline to January 9, 2015. TEX. R. APP. P. 10.5(b)(1)(D).

9. By this Court's subsequent Notice of December 18, 2014, this matter is now set for submission on the written briefs and the record on Tuesday, February 24, 2015, before Chief Justice Frost, Justice Boyce, and Justice McCally.

### Family Tragedy

10. As related in Lamell's Affidavit (Exhibit "B"), his fiancee's brother died unexpectedly on December 18, just before Christmas. Coupled with the pressures of what might otherwise have been a joyful and restorative holiday and family get-together, the un-expected grief and trauma of his passing away were heightened and extended. This made it much more difficult for Lamell to function at full capability with his full attention. Simply put, he was simply not able to be as productive as he might otherwise have been in meeting his January 9 deadline.

## Errors in the Clerk's Record

11.    In reviewing the Clerk's Record, Lamell encountered errors in the presentation of the document from the trial court record, *Plaintiff's Opposition to Third Motion to Authorize Release of Bond to Defendant OneWest* ("*Opposition*"). served and filed January 31, 2014.   This opposition was originally served on OneWest's Counsel in response to OneWest's *Third Motion to Authorize Release of Bond to Defendant OneWest* [CR-SUP:53-70][1] both via email and by hand delivery and filed prior to the hearing on January 31, 2014.[2]

12.    The initial error in the *1st Supplemental Clerk's Record* (filed with this Court on June 30, 2014) was the inclusion of only 2 of the 12 pages of Lamell's *Opposition.* This omission left out entirely the essential body of Lamell's *Opposition* [CR-SUP:71-2].[3]

13.    Seeking to correct this error in the *1st Supplemental Clerk's Record*, Lamell

---

[1]   Filed with the Court on June 30, 2014. The electronic copy of the record furnished by the Appellate Clerk to Lamell bears a filename of "**CR SUP (01 of 01) FLD 063014.pdf**." *Appellant* has adopted a shorter-form naming convention in record references made throughout his *Appellant's Brief* and in subsequent filings with the Court up to and including the instant motion to refer to specific pages in this particular record volume as follows: [**CR-SUP:pg#-pg#**]

[2]   This document is critical to Lamell's Issue No 2 [*Appellant's Brief*, p.14, 65-70]. Without this document, it might appear that Lamell had not opposed OneWest's "*Third Motion to Authorize Release of Bond"* at all. Therefore, the inclusion is essential to a just determination and could prove to be dispositive of the Court's decision as to Lamell's Issue No. 2.

[3]   For a key to this record reference, see Footnote 1 on page 2 herein.

furnished a complete copy of his *Opposition* from his files to the District Clerk to assist in locating and identifying the original filing. However, this copy was treated as if it were a <u>new filing</u>, stamped "Filed" as of September 10, 2014, and included in the *3rd Supplemental Clerk's Record* [CR-SUPP:38-49].[4] The file stamp, however, created the false impression that Lamell's *Opposition* had been filed more than 8 months AFTER the hearing and order subject to this appeal.

14.    Lamell ultimately discovered that the omission from the Clerk's Record arose from an error in the underlying trial court record where only two of the twelve pages of the original document had been imaged and the rest had been lost.

Lamell First Sought Correction by Stipulation

15.    Recognizing that the problem related to a defect in the trial court record, Lamell next sought to resolve the defect, pursuant to TEX. R. APP. P. 34.5(e), by seeking a proposed stipulation from OneWest's Counsel that the document shown in the *3rd Supplemental Clerk's Record* at [CR-SUPP:38-49][5] and stamped with an indicated "Filed" date of September 10, 2014 on its first page was IN FACT a true

---

[4]    Filed with the Court on September 22, 2014. The electronic copy of the record furnished by the Appellate Clerk to Lamell bears a filename of "**CR SUPP (01 of 01) FLD 092214.pdf**." *Appellant* has adopted a shorter-form naming convention in record references made in *Appellant's Brief* and in subsequent filings with the Court up to and including the Instant Motion to refer to specific pages in this particular record volume as follows: [**CR-SUPP:pg#-pg#**]

[5]    For a key to this record reference, see Footnote 4 on page 3 herein.

and correct copy of what Lamell had served on OneWest and filed with the trial court on January 31, 2014 ("Exhibit A – Proposed Stipulation" attached hereto).[6]

16.　Counsel for OneWest, however, refused to stipulate to the correction of the record ("Exhibit B - Lamell Affidavit" attached hereto).[7]

17.　Lamell then prepared and filed his *Motion to Re-establish Lost Filing - TEX. R. APP. P. 34.5(e)* ("Exhibit C – *Motion to Re-establish Lost Filing*," attached hereto) on October 7, 2014, and set this motion for hearing.[8]　Lamell sought the earliest possible hearing date and the Court set the hearing date fo January 9, 2015.

18.　At the January 9, 2015 hearing, Lamell appeared in person before Judge Sandill and showed by evidence that the copy of his *Opposition* marked "Filed" on September 10, 2014 and included in the *3rd Supplemental Clerk's Record*

---

[6] For further reference, the Court is respectfully requested to take judicial notice of the website page of the Harris County District Clerk containing the case record and specific image numbers of the items identified in the trial court's *Order to Re-establish Lost Filing*, attached hereto as Exhibit "A." TEX. R. EVID. 201(d).

> http://www.hcdistrictclerk.com/edocs/public/CaseDetails.aspx?Get=evhVVW2JYmn
> Z479hKvyyorLSWfkbESsxQ7VI3hfWpyS7ae/OVodEnBULLHMHZSR0IXOi2AU
> z1EnG1uJcH4haGAyId9OmI65mgoSRbUuBtZc=　 (note: select "images" tab)

Judicial notice may be taken at any stage of the proceeding. TEX. R. EVID. 201(f).

[7] The required correction could have been amicably and efficiently resolved in October without intervention by the trial court.

[8] Remarkably, despite indicating that it was unwilling to stipulate to the requested correction and opposed to Lamell's *Motion to Re-establish Lost Filing*, OneWest never filed any written opposition to this Motion, nor did it make any appearance at the January 9, 2015, hearing.  The entire process of correction of the trial court record by motion and hearing was an unnecessary inconvenience for Lamell, the trial court and this Court.

(September 22, 2014) at [CR-SUPP:38-49],[9] was the same document presented to the trial court on January 31, 2014. The trial court then granted Lamell's *Motion* and signed its *Order to Re-Establish Lost Filing* thereby finally resolving the matter ("Exhibit D – *Order to Re-Establish Lost Filing*," attached). By coincidence, this hearing was the very same day *Appellant's Reply Brief* was due.[10]

19. Attached as "Exhibit B" is Lamell's affidavit verifying facts in support of this motion.

20. Contemporaneously with the filing of this motion, Lamell is submitting his *Appellant's Reply Brief* with the Clerk of this Court.

## II. Argument and Authorities

21. The Court has the authority under TEX. R. APP. P. 38.6(d) and 10.5(b) to extend the time for an appellant to file an appellant's reply brief.

22. During the period preceding the January 9 due date for *Appellant's Reply Brief*, Lamell struggled with a family personal tragedy as well as the preparation of a what should have been a wholly unnecessary motion and trial court appearance to accomplish a non-controversial correction of the trial court record which ought to

---

[9] For a key to this record reference, see Footnote 4 on page 3 herein.

[10] This Court granted Lamell's *Motion for Leave to File Supplemental Brief* the day before this hearing on January 8, 2015.

have been resolved by stipulation.

23. During the nineteen day period since the trial court's January 9, 2015, *Order to Re-establish Lost Filing*, Lamell has awaited a response from OneWest Counsel to his queries as to OneWest's disposition towards this motion as well as whether it desired to seek leave to further supplement with an agreed motion to request reset of the remaining briefing deadlines.

<u>No Prejudice to OneWest</u>

24. As there is no provision in the Rules for a response from OneWest to *Appellant's Reply Brief* and the Court has denied oral argument, the requested extension is <u>not prejudicial</u> to OneWest in any way.

25. *Appellant's Reply Brief* contains within its Appendix copies of items which are to be included in the forthcoming supplementation to correct the clerk's record, which should prove helpful to this Court.

26. Moreover, since this matter is set for submission on February 24, 2015, the extension requested leaves the Court with almost 4 weeks before submission to review and consider *Appellant's Reply Brief.* Hopefully this will not inconvenience the Court.

## Lamell Sought to Confer with Opposing Counsel

27.     Shortly after the Friday, January 9, hearing, Lamell filed a request with the District Clerk pursuant to TEX. R. APP. P. 34.5(c) to supplement the record with the newly-issued order. This was done so that the record would be complete BEFORE the scheduled submission date of the matter on February 24, 2015.  Lamell also e-served a copy of this request to OneWest's Counsel and further emailed yet another copy to him later on the same day.

28.     Lamell has incorporated the trial court's January 9, 2015 *Order Re-establishing Lost Filing* as an Appendix to his *Appellant's Reply Brief*. Lamell had hoped to confer with Counsel in person at the hearing to discuss further supplementation and an extension of the time to file his *Appellant's Reply Brief* in respect of the trial court's order. TEX. R. APP. P. 10.1(a)(5).

29.     However, since Counsel did not appear at the hearing, Lamell subsequently sought Counsel's agreement or non-opposition to this motion via email. Lamell emailed OneWest's Counsel on January 9, 10, 11, 12, 14, 15 and on January 28.

30.     Lamell is aware that Counsel is a respected attorney with an extremely busy litigation and appellate practice. Lamell understands that Counsel cannot always respond to emails in a timely way. While not desiring to rush opposing Counsel, in an abundance of caution, Lamell is now filing this motion without having received

a response as to whether OneWest will be opposed.

31. Denial of Lamell's *Motion*, however, might in itself prove to be dispositive of one of the issues Lamell raises on appeal. Appellate cases should be decided on the merits rather than on correctable procedural technicalities. *Motor Vehicle Board of Tex. v. EPIADA*, 1 S.W.3d 108, 111 (Tex. 1999); *Silk v. Terrill*, 898 S.W.2d 764, 766 (Tex. 1995); *Crown Life Insurance Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 121-2 (Tex. 1991).

32. Lamell would show that this motion is not brought for the purposes of delay but so that justice may be done.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Appellant J. M. Arpad Lamell prays that this motion for extension be granted and that his *Appellant's Reply Brief* submitted contemporaneously be accepted as timely filed.

Respectfully submitted,

 /s/ J. M. Arpad Lamell
J M Arpad Lamell, *pro se*
5131 Glenmeadow Drive
Houston, TX 77096
713 857 2483
lamell@alum.mit.edu

## CERTIFICATE OF CONFERENCE

TEX. R. APP. P. 10.1(5)

By my signature below, I certify that I have attempted to confer via multiple e-mails with Thomas Hanson, Esq., counsel for OneWest, to seek agreement to my motion.

Since Mr. Hanson did not appear for the trial court's hearing on January 9, 2015, I did not have the opportunity to confer with him in person about an extension before or after the hearing as I had contemplated.

Later in the day after the conclusion of the hearing, I prepared and submitted a request to the District Clerk's office to supplement the record with a copy of the trial court's *"Order to Re-establish Lost Filing."* I e-served Mr. Hanson at the same time with a copy of my request to which a copy of the Order was attached. Also on the 9th, I sent Mr. Hanson a separate courtesy copy of my request to supplement the record, again containing the Court's Order. I sent him a succession of further emails inquiring as to his disposition with respect to my request for an extension. I received no response. After sending him yet another email yesterday, I have still received no response.

While I am still hopeful of a reply, as of the filing of this Motion, there has been no reply. Although Mr. Hanson has graciously accommodated some of my requests in the past, he has not always responded or agreed. I am therefore indicating that I have received no response to my inquiries.

Respectfully submitted,

 /s/ J. M. Arpad Lamell
J. M. Arpad Lamell,   Pro Se
5131 Glenmeadow Drive
Houston, TX 77096
713 857 2483
lamell@alum.mit.edu

# CERTIFICATE OF SERVICE

I hereby certify that on <u>January 29, 2015</u>, a true and correct copy of the foregoing *"Motion to Extend Time to File Appellant's Reply Brief"* was sent by e-service/e-mail to Mr. Thomas Hanson, lead counsel for Appellee OneWest to the address as shown below.


<u> /s/ J. M. Arpad Lamell</u>

J M Arpad Lamell


Via:    TexFile e-service and e-mail.
To:    **Thomas M. Hanson**
          DYKEMA
          Commercia Bank Tower
          1717 Main Street, Ste. 4000
          Dallas, TX  75201
          (214) 462-6420 telephone   (214) 462-6401 telecopier
          thanson@dykema.com
          www.dykema.com
          ***Counsel for Appellee OneWest Bank***

# **Exhibits**

Exhibit "A" – Proposed Stipulation

Exhibit "B" – Lamell Affidavit

Exhibit "C" – *Motion to Re-establish Lost Filing*

Exhibit "D" – *Order to Re-establish Lost Filing*

# Cause No. 2010-11491

| | | |
|---|---|---|
| **J. M. ARPAD LAMELL** | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| **ONEWEST BANK, FSB**, a | § | 127th JUDICIAL DISTRICT |
| FOREIGN CORPORATION, | § | |
| *Defendant.* | § | |

## Stipulation Pursuant To Tex. R. App. P. 34.5(e)

Pursuant to Tex. R. Civ. P. 34.5(e) the Parties hereto, J. M. Arpad LAMELL (Plaintiff) and ONEWEST BANK FSB (Defendant), hereby stipulate and agree as follows:

1)      On January 31, 2014 Plaintiff filed his *"Plaintiff's Response in Opposition to Third Motion to Authorize Release of Bond to Defendant OneWest,"* consisting of 12 pages including two (2) exhibits:  Exhibit "A" – "Real Property Account Information" (January 29, 2014) [2 pages] and Exhibit "B" Affidavit of J M. Arpad Lamell (January 30, 2014) [2 pages].

2)      The Harris County District Clerk seems to have lost or misplaced the originally filed document, which at the date of this stipulation has not yet been located.  The parties desire to avoid the necessity of an abatement of the appeal for a correction of the Clerk's Record by the District Court by motion pursuant to Tex. App. P. 34.5(e).

3)      To facilitate inclusion of the missing document in the Appellate Record, Plaintiff furnished a true and exact copy of the *Plaintiff's Response in Opposition to Third Motion to Authorize Release of Bond to Defendant OneWest* (filed January 31, 2014) to the Harris County District Clerk, which copy is now file stamped September 10, 2014, and included in the Harris County District Clerk's imaging system as:

> **Image No 62288269** – *"Plaintiffs Response in Opposition to Third Motion to Authorize Release of Bond to Defendant OneWest"* [8 pages]

---

*Stipulation Pursuant to Tex. R. App. P. 34(e):*                                                                    pg. 1

**Image No 62288271** – *"Affidavit of J M Arpad Lamell"* [2 pages]

**Image No 62288270** – *"Exhibit A"* [2 pages]

4)      The Harris County District Clerk has included this copy of *"Plaintiffs Response in Opposition to Third Motion to Authorize Release of Bond to Defendant OneWest"* at pages 38-49 within a *Supplemental Clerk's Record* filed on September 22, 2014, which copy is shown to be file stamped September 10, 2014.

5)      The parties agree and stipulate that the document identified above now shown to be filed on September 10, 2014, and included in the *Supplemental Clerk's Record* is a true and exact copy of Plaintiff's opposition originally filed on January 31, 2014.

6)      The parties hereby request this Stipulation be entered into the Court Record to clarify that the filing date of the document appearing at pages 38-49 was January 31, 2014.

Agreed:

_____
J M ARPAD LAMELL, *pro se*
5131 Glenmeadow Drive
Houston, Texas 77096
713/857 2483
lamell@alum.mit.edu

ONEWEST Bank
Thomas M. Hanson
DYKEMA
Commercia Bank Tower
1717 Main Street, Ste. 4000
Dallas, TX 75201
thanson@dykema.com

Date: _9/29/2014_

Date: _____

# Affidavit of J. M. Arpad Lamell

State of Texas     §
                         §
County of Travis   §

Before me, the undersigned Notary of Public, on this day, personally appeared **J. M. Arpad Lamell**. Upon his oath, he stated as follows:

My name is J M Arpad Lamell. I am over 21 years of age and have never been convicted of a felony or a crime of moral turpitude. I am the Movant in the *"Motion to Extend Time to File Appellant's Reply Brief"* to which this affidavit is attached. My primary residence address is in Houston, Harris County, Texas. I am of sound mind and competent in all respects to make this affidavit.

I know of my own personal knowledge that the facts set forth in this affidavit and in the Motion to which it is attached are true and correct.

1. Shortly before Christmas, on December 18, my fiancée's brother, Bruce Weber, died unexpectedly at his home in Portland Oregon.

2. His death was and continues to be a major shock for us and for my fiancée's family, particularly for her aging parents. Dealing with the immediate surprise and trauma, the logistics of last-minute distant travel arrangements during the holiday season, preparations for memorial services in Portland on December 28, the continuing demands of day-to-day living and Christmas/New Year's stresses, and the loss itself were simply more than we could handle without losing focus and falling behind in many ways.

3. Although I did manage to complete my request for leave to file my *Supplemental Brief* and to submit the *Brief* itself (which the Court graciously

accepted), the past several weeks have been very challenging and difficult.

4.     Apart from the grief and disruption that came with Bruce's passing, there also remained an ongoing and important issue from months before relating to the correction of the appellate record to include a correct copy of my opposition to OneWest's *Third Motion to Authorize Release of Bond.*

5.     When the District Clerk prepared and filed the supplement that I had requested and that was suppposed to include my opposition, I discovered that only 2 of the 12 pages that were originally in the document had been included. In seeking correction of the Appellate record, I learned that the missing pages had somehow been lost by the Clerk's Office.

6.     On September 29, 2014, I emailed Counsel for OneWest Bank, Mr. Thomas Hanson, to determine whether OneWest might be agreeable to a stipulation to re-establish the lost filing without the necessity of a motion and trial court hearing. However, Mr. Hanson responded by email on October 1 and refused to agree to the stipulation. I was left with no choice but to follow through with filing my *"Motion to Re-establish Lost Filing"* and scheduling it for hearing.

7.     The motion was set for hearing January 9, 2015, which was the earliest available date, given the Court's year-end calendar. Although OneWest refused to agree to the stipulation, it did not file any written opposition. Consequently, I thought and expected that Mr. Hanson intended to show up at the hearing to oppose the motion in person.

8.     On January 9, 2015, I appeared before the Court and argued the motion. To my surprise, Mr. Hanson did not make an appearance. The Court granted my motion and issued its *"Order to Re-establish Lost Filing"* on the same day. Since Mr. Hanson hadn't attended, I did not have the opportunity I had hoped for to

discuss the outcome of the hearing and to explore whether OneWest desired to seek leave to file a supplemental brief of its own in response to the supplemental brief I had filed which had just been accepted by this Court the day before.

9. The issuance of the Trial Court's order to re-establish the lost filing necessitated my having to make a request to supplement the Clerk's Record so that this order and related documents would be available in the record.

10. Since I couldn't speak with Mr. Hanson at the hearing, I followed up with an email message that day advising him of the order that had just issued and of my January 9, 2015, request for further supplementation to correct the record. I further corresponded with him via seven email messages beginning January 10th to determine whether OneWest was opposed to an extension and/or whether it intended to seek leave to file a further supplemental brief with some corresponding proposed agreement as to the scheduling of remaining briefing.

11. We are now awaiting the District Clerk's filing of the further supplement to the Clerk's record. As yet, I have not heard from Mr. Hanson whether OneWest intends to seek leave to file a supplemental brief.

12. In the last few weeks, we have been struggling to get back on track in our personal lives. We have made progress and are beginning to re-establish a more regular schedule with better focus than had been possible earlier.

13. Since, as of the preparation of this affidavit, I have still had no response from Mr. Hanson to any of my recent communications, I am indicating in my Motion that I have received no response from him.

14. In that the delay in filing my *Reply Brief* was occasioned both by my sincere efforts to accommodate and be as considerate as possible to opposing counsel, as well as by real and unforeseen personal circumstances and difficulties beyond my control, I am hopeful that the Court will see fit to grant me the extension I am requesting.

15. My *Appellant's Reply Brief* itself is being offered contemporaneously with my Motion so that the Court can be assured of no further delays in the filing of my *Brief.*

FURTHER AFFIANT SAYETH NOT

_____
J. M. Arpad Lamell

Sworn and subscribed before me, the undersigned Notary Public, on this 2⁸

day of January, 2015

_____
Notary Public in and for the State of Texas



COBY DUANE MIMS
My Commission Expires
November 13, 2016

## CAUSE NO. 2010-11491

| | | |
|---|---|---|
| J. M. ARPAD LAMELL | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | HARRIS COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| ONEWEST BANK, FSB, a | § | |
| FOREIGN CORPORATION | § | 127th JUDICIAL DISTRICT |
| | § | |
| Defendant. | § | |

## MOTION TO RE-ESTABLISH LOST FILING
### Tex. R. App. P. 34(e)

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Plaintiff J. M. ARPAD LAMELL ("Plaintiff"), filing this, his *Motion to Re-establish Lost Filing* - TEX.R.APP.P.34(e) [1] and states as follows:

### Background

1. This Court held a hearing on January 31, 2014 on Defendant's *"OneWest Bank FSB's Third Motion to Authorize Release of Bond."* ("Bond Motion").

2. Set for hearing on the same occasion were two other motions brought by Plaintiff: his *"Motion to Modify Judgment,"* and his *"Motion for New Trial."*

---

[1] TEX.R.APP.P.34(e) *Clerk's record lost or destroyed.* If a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in the clerk's record or a supplement. If the parties cannot agree, the trial court must – on any party's motion or at the appellate court's request – determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement.

*Motion to Re-establish Lost Filing* TEX. R. APP. P. 34(e)                                         pg. 1

3.      Just before the hearing, Plaintiff handed printed copies of his own two motions and at the same time served his response to Defendant's Motion, *"Plaintiff's Response in Opposition to Third Motion to Authorize Release of Bond to Defendant OneWest"* on the Court Reporter and on Defendant's Counsel ("Response"; Exhibit **1**). Plaintiff's response comprised 12 pages including

> **Exhibit A:**     screenshots of two pages appearing on the Harris County Appraisal District Website entitled *"Real Property Account Information"* dated January 29, 2014, AND

> **Exhibit B:**     affidavit of J M. Arpad Lamell signed and notarized January 30, 2014

4.      The item presently appearing in the record as *"Plaintiff's Response in Opposition to third Motion to Authorize Release of Bond to Defendant OneWest"* and showing a filing date of January 31, 2014, Image no.59452889, is NOT a correct copy of Plaintiff's Response as presented to the Court. The image is incomplete in that it contains only the 2 pages of Exhibit A and omits entirely the two pages of Exhibit B and the other 8 pages of Plaintiff's 12-page Response. Though the full Response was given to the Court, the items missing from the record as filed on January 31, 2014 appear to have been lost.

5.      Upon discovering this omission, on September 10, 2014, Plaintiff resubmitted an exact duplicate of his Response in hard-copy form to the Clerk's office for filing to complete or replace the incomplete January 31st record entry and for supplementation to the Appellate Record for Plaintiff's Appeal No. 14-14-00175-CV.

6.      Plaintiff's full Response as originally submitted in person to the Court, now appears with a new filing date of September 10, 2014 on the website of the Harris County District Clerk under the following images:

**Image No 62288269** - 8 pages titled: *"Plaintiffs Response in Opposition to Third Motion to Authorize Release of Bond to Defendant OneWest"* with Certificate of Service dated <u>January 31, 2014</u>

**Image No 62288271** - 2 pages as Exhibit B titled: *"Affidavit of J M Arpad Lamell"* signed and notarized <u>January 30, 2014</u>

**Image No 62288270** - 2 pages of website screenshots as Exhibit A titled: *"Real Property Account Information"* dated <u>January 29, 2014</u>

4.     The new filing date of September 10 now shown in the record for Plaintiff's Response, does not correctly reflect when the Response was actually presented to the Court and to opposing Counsel. It is inconsistent on its face with its January 31st Certificate of Service, the January 30th executed Exhibit B Affidavit, and the January 29th dated Exhibit A website screenshots.

## Argument

5.     References to the Court's having possession of Plaintiff's documents can be found in the Reporter's Record of the hearing (Exhibit **2**) as follows (<u>underline</u> emphasis added):

MR. LAMELL: <u>I have a response to that</u> and
I have some -- a few cases that I can give you.
THE COURT: Sure.     *(Exhibit 2 pg 4 lines 9-11)*

Okay. The other two issues that I have --
<u>that I reference in my paper for today which is --</u>
actually, my motion for a -- to modify the order is
                         *(Exhibit 2 pg 7 lines 12-14)*

THE COURT: All I have --
MR. LAMELL: <u>I have -- you have the -- I</u>
<u>believe I've given it to Valery. I have attached a new</u>
<u>one to this.</u>
MR. HANSON: I think my proposed order for
denying a new trial --

---

*Motion to Re-establish Lost Filing* TEX. R. APP. P. 34(e)                    pg. 3

THE COURT: Works? *(Exhibit 2 pg 17 lines 13-18)*

are looking at and that's -- and that's why -- and I think you have my response to their motion to release the bond. I am not going to try to read it to you, but I don't believe that there is -- you know, as I read the rules, there's nothing that supports it. *(Exhibit 2 pg 23 lines 1-5)*

6.    The *"Affidavit of J. M. Arpad Lamell"* attached as Exhibit B to Plaintiff's Response is shown as having been signed and notarized on January 30, 2014. Plaintiff's Response also includes as Exhibit A, 2 pages entitled *"Real Property Account Information"* copied from the website of the Harris County Appraisal District. Date markings appear in the upper left-hand corner show a date of January 29, 2014. Plaintiff's Response contains a Certificate of Service dated January 31, 2014 with a mark indicating hand-delivery. Based on the foregoing, it is reasonable to consider Plaintiff's Response as being an accurate copy of the Response as presented on January 31, 2014.

7.    Plaintiff's Response raises substantially the same argument(s) raised in *"Plaintiff's Amended Opposition to Second Motion to Authorize Release of Bond to Defendant OneWest"* (Exhibit 3) filed on October 23, 2013. Plaintiff's oral presentation clearly tracks key arguments raised in his Response

However, the fundamental issue is that neither defendant's answer to my original complaint -- and that's the context this was brought in -- made no -- there has been no money judgment at any point yet. There is nothing to actually issue a bond for. If I read Rule 24, the Texas -- the appellate procedure, I don't see anything there that supports - -
*(pg 20, lines 19-25)*

again as below

the bond. I am not going to try to read it to you, but I don't believe that there is — you know, as I read the rules, there's nothing that supports it. We don't have a money judgment. They haven't been awarded anything.

*(pg 23, lines 3 – 7)*

The foregoing and the general tenor of the transcript serves as further indication that Plaintiff's Response was on hand and before the Court and the parties during the hearing.

**The Parties Have Been Unable to Agree to a Stipulation**

8. Pursuant to TEX.R.APP.P.34(e), Plaintiff corresponded via email (Exhibit **6**) with Defendant's Counsel on September 29 – October 1 asking him to agree to a Stipulation (Exhibit **5**) that Plaintiff's Response as delivered by Plaintiff to the Harris County District Clerk and filed by the Clerk on September 10, 2014 can be included in the Appellate Record as an true replacement for the lost record pages reflecting Plaintiff's complete Response which he presented to the Court on January 31, 2014. Defendant's Counsel declined to agree to the requested Stipulation. (*see Affidavit* Exhibit **4**)

**A Determination by the Court is Necessary**

9. In accordance with TEX.R.APP.P.34(e), the Parties being unable to agree (*see Affidavit* Exhibit **4**), Plaintiff hereby seeks the Court's "determination as to what constitutes an accurate copy of the missing item" and its order that it be "included in the Clerk's record or a supplement."

**SUMMARY**

10. Plaintiff's Response, filed as a supplement to the Appellate Court Record on September 22, 2014 and entered into the Trial Court record on September 10, 2014 as

image nos: 62288269 (8-page motion), 62288271 (2-page Exhibit B), 62288270 (2-page Exhibit A), is identical to Plaintiff's Response hand-served with the Court on January 31, 2014 and attached as Exhibit 1 hereto.

11. Sufficient evidence exist to support a determination by the Trial Court that the September 10th filed Plaintiff's Response is identical to Plaintiff's Response as presented in person to the Court at the hearing held on January 31, 2014.

12. Accordingly, Plaintiff respectfully requests that this Court a) **Determine** that Plaintiff's Response presently shown in the record as filed on September 10, 2014 is, in fact, an accurate copy of the Plaintiff's Response presented on January 31, 2014 which does not presently appear in the Court Record, and b) **Order** that Plaintiff's Response be entered into the Court record with an effective filing date of January 31, 2014.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Lamell prays that this Court:

a) **Determine** that Plaintiff's Response presently shown in the record as filed on September 10, 2014 and attached hereto as Exhibit 1 is, in fact, an accurate copy of the Plaintiff's Response presented to the Court on January 31, 2014, and

b) **Order** that Plaintiff's Response attached hereto as Exhibit 1 be entered into the Court record with an effective filing date of January 31, 2014.

Plaintiff Lamell prays further for any other relief to which he may show himself justly entitled.

Respectfully submitted,


/s/ J. M. Arpad Lamell
J. M. Arpad Lamell, Pro Se
5131 Glenmeadow Drive
Houston, TX 77096
713 857 2483
lamell@alum.mit.edu

## Exhibits:

**Exhibit 1** – *"Plaintiff's Response in Opposition to Third Motion to Authorize Release of Bond to Defendant OneWest"* - 12 pages - as entered into the record complete with all pages on Sept. 10, 2014.

**Exhibit 2** – Jan. 31, 2014 hearing transcript

**Exhibit 3** – Oct. 23, 2013 – *"Plaintiff's Amended Opposition to Second Motion to Authorize Release of Bond to Defendant OneWest"*

**Exhibit 4** – Affidavit of J M Arpad Lamell

**Exhibit 5** – Sept. 29, 2014 draft of *"Stipulation"* – not agreed

**Exhibit 6** – Sept. 29, 2014/ Oct.1 – Plaintiff's email correspondence with Defendant's Counsel, Thomas Hanson

## CERTIFICATE OF CONFERENCE

I certify that I have conferred via email with Appellee's counsel, Mr. Thomas Hanson, regarding the execution of the stipulation herein presented. (TEX. R. APP. P. 10.1(a)(5). Mr. Hanson has refused to agree to Plaintiff's Stipulation, thereby necessitating the filing of this Motion.

/s/ J. M. Arpad Lamell
J M Arpad Lamell

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2014, a true and correct copy of the foregoing *"Motion to Re-establish Lost Filing* TEX. R. APP. P. 34(e)*"* was sent by e-service/email, to parties of record as shown below.

/s/ J. M. Arpad Lamell
J M Arpad Lamell

**Parties:**

Via: XX e-service/email
To: IndyMac Mortgage Services, Division of One West Bank
c/o Thomas M. Hanson
DYKEMA
Commercia Bank Tower
1717 Main Street, Ste. 4000
Dallas, TX 75201
(214) 462-6420 telephone  (214) 462-6401 telecopier
thanson@dykema.com
www.dykema.com

# Affidavit of J . M. Arpad Lamell

State of Texas §
§
County of Travis §

Before me, the undersigned Notary of Public, on this day, personally appeared **J M Arpad Lamell**. Upon his oath, he stated as follows:

1. My name is J M Arpad Lamell. I am over 21 years of age and have never been convicted of a felony or a crime of moral turpitude. My primary residence address is in Houston, Harris County, Texas. I am of sound mind and competent in all respects to make this affidavit. I know of my own personal knowledge that the facts set forth in this affidavit are true and correct.

2. For a hearing set January 31, 2014 on OneWest's *"Third Motion to Authorize Release of Bond to Defendant OneWest,"* I prepared a response which I titled: *"Plaintiff's Opposition to Third Motion to Authorize Release of Bond to Defendant OneWest."* ("Response") As Exhibit A to my Response, I made a PDF copy of 2 pages from the Harris County Appraisal District's website showing appraisal information for my home as displayed on January 29, 2014. The January 29th date appears in the upper left hand corner of each page of this exhibit. As Exhibit B to my Response, I prepared an Affidavit which I executed and had notarized on January 30th, 2014.

3. On the morning of January 31, I recall personally handing a copy of my Response, along with copies of my two motions that were scheduled to be heard at the same hearing (*"Motion for New Trial"*; *"Motion to Modify Judgment"*) to the Court's Clerk just before the hearing began.

4. During the hearing, I referred the Court to my Response and offered printed-out copies of selected cases cited to the Court and to Defendant's counsel for their more convenient reference.

5. Since then, the Appeal Record for my case has become complicated insofar as it now involves 16 individual filesets. In the course of reviewing the Record that had been already been prepared and making the requests for supplementation that were required, I discovered that the actual 10-page body of my Response, along with its Exhibit B affidavit as given to the Court at the hearing were not showing in the Court Record. Apparently, they had been lost. To correct this, I delivered an

exact copy of my Response as I had given it to the Court on January 31st, to Mr. Duane Gilmore in the Clerk's office so that it could be added to the Court's Record and sent as a supplement to the Appeal Record for my Appeal.

6.      On September 23, I obtained a copy of the supplement that had been filed with the Appeal Court. While it now showed all pages of my Response, I saw that it showed a filing date of September 10, 2014 instead of the date it had actually been presented to the Court on January 31, 2014.

7.      I realized that updating the record to reflect the actual filing on January 31, 2014 for this particular document was not something that could be accomplished as a purely clerical matter and that it would require a stipulation between the parties and/or a determination by the Court.

8.      I prepared a proposed stipulation to establish the fact that the recently-filed copy of my Response was in fact identical to what I had given the Court on January 31. I sent an email attaching my proposed stipulation to Defendant's counsel, Mr. Thomas Hanson on Monday morning, September 29th asking if he would agree to the stipulation. I received no response. I emailed a reminder on October 1 enclosing a copy of my original email. He responded saying he would not agree to any further extensions. I took this to mean he would not agree to the Stipulation either. I have therefore prepared and am filing my *"Motion to Re-establish Lost Filing"* to which this affidavit is being attached.

9.      The motion to which this Affidavit is attached was originally e-filed on October 4, 2014. It was returned to me "for further action from the filer" on October 6, 2014 with instructions to separate the lead document from its attachments and re-file, which I am doing this day with this new affidavit.

FURTHER AFFIANT SAYETH NOT

_____ J M Arpad Lamell

Sworn and subscribed before me, the undersigned Notary Public, on this __7__ day of October, 2014

_____
Notary Public in and for the State of Texas

COBY DUANE MIMS
My Commission Expires
November 13, 2016

# Cause No. 2010-11491

| | | |
|---|---|---|
| **J. M. ARPAD LAMELL** | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| **ONEWEST BANK, FSB,** a | § | 127th JUDICIAL DISTRICT |
| FOREIGN CORPORATION, | § | |
| *Defendant.* | § | |

## Stipulation Pursuant To TEX. R. APP. P. 34.5(e)

Pursuant to TEX. R. CIV. P. 34.5(e) the Parties hereto, J. M. Arpad LAMELL (Plaintiff) and ONEWEST BANK FSB (Defendant), hereby stipulate and agree as follows:

1) On January 31, 2014 Plaintiff filed his *"Plaintiff's Response in Opposition to Third Motion to Authorize Release of Bond to Defendant OneWest,"* consisting of 12 pages including two (2) exhibits: Exhibit "A" – "Real Property Account Information" (January 29, 2014) [2 pages] and Exhibit "B" Affidavit of J M. Arpad Lamell (January 30, 2014) [2 pages].

2) The Harris County District Clerk seems to have lost or misplaced the originally filed document, which at the date of this stipulation has not yet been located. The parties desire to avoid the necessity of an abatement of the appeal for a correction of the Clerk's Record by the District Court by motion pursuant to TEX. R. APP. P. 34.5(e).

3) To facilitate inclusion of the missing document in the Appellate Record, Plaintiff furnished a true and exact copy of the *Plaintiff's Response in Opposition to Third Motion to Authorize Release of Bond to Defendant OneWest* (filed January 31, 2014) to the Harris County District Clerk, which copy is now file stamped September 10, 2014, and included in the Harris County District Clerk's imaging system as:

> **Image No 62288269** – *"Plaintiffs Response in Opposition to Third Motion to Authorize Release of Bond to Defendant OneWest"* [8 pages]

**Image No 62288271** – *"Affidavit of J M Arpad Lamell"* [2 pages]

**Image No 62288270** – *"Exhibit A"* [2 pages]

4)      The Harris County District Clerk has included this copy of *"Plaintiffs Response in Opposition to Third Motion to Authorize Release of Bond to Defendant OneWest"* at pages 38-49 within a *Supplemental Clerk's Record* filed on September 22, 2014, which copy is shown to be file stamped September 10, 2014.

5)      The parties agree and stipulate that the document identified above now shown to be filed on September 10, 2014, and included in the *Supplemental Clerk's Record* is a true and exact copy of Plaintiff's opposition originally filed on January 31, 2014.

6)      The parties hereby request this Stipulation be entered into the Court Record to clarify that the filing date of the document appearing at pages 38-49 was January 31, 2014.

Agreed:

_____
J M ARPAD LAMELL, *pro se*
5131 Glenmeadow Drive
Houston, Texas 77096
713/857 2483
lamell@alum.mit.edu

Date: _9/29/2014_

_____
ONEWEST Bank
Thomas M. Hanson
DYKEMA
Commercia Bank Tower
1717 Main Street, Ste. 4000
Dallas, TX 75201
thanson@dykema.com

Date: _____

# Arpad Lamell

| | |
|---|---|
| **From:** | Arpad Lamell [lamell@alum.mit.edu] |
| **Sent:** | Monday, September 29, 2014 10:08 AM |
| **To:** | 'Hanson, Thomas' |
| **Subject:** | Stipulation Request |
| **Attachments:** | Plaintiffs Opposition to OWB 3nd Mot to Rel Bond 1-31-2014 BINDER.pdf; 2014-07-28 Letter to Clerk of 14th COA Binder.pdf; CR SECOND SUP (01 OF 01) FLD 090814.pdf; CR SUPP (01 OF 01) FLD 092214.pdf; 2014-9-29 Stipulation.pdf |

Mr. Hanson:

First let me thank you for accommodating my requests for extensions in this case. I deeply appreciate the cooperation you've shown. Unfortunately, there is still a problem that needs to be fixed.

With your further cooperation, I believe it can be taken care of with minimum delay and effort.

Simply put, the problem is this: for some time, 10 of the 12 pages of my Response to OneWest's third motion to release the bond, which I handed you and the Court at the hearing back on January 31, were lost or missing from the record. After multiple requests and extensions, a complete copy of my Response has finally been included in the record in a supplement just filed on the 22nd. However, the record is still not correct in that the newly-supplemented "Response" bears a file stamp of September 10, 2014 rather than January 31, 2014 when it was actually served.

This needs to be corrected so I can include references to it in my Brief.

I would like to ask you to agree to a stipulation I've prepared to accomplish this.

The proposed Stipulation is attached in PDF form, signed by me and dated. Assuming you agree, I would ask you to add your signature to it and return it to me as soon as possible. Please let me know by return email if you are in agreement as soon as you can so I can let the Court of Appeals know we have conferred and that an agreed-upon Stipulation is being processed. For your information, I am attaching a PDF Binder copy of my Response submitted on January 31. You will note it contains my affidavit signed and notarized on January 30, together with an exhibit of pages from the Appraisal District's website dated January 29 and filed-stamped as received by the Clerk on January 31.

I am also attaching PDF files of the supplements filed September 8 [CR SECOND SUP (01 of 01) FLD 090814.pdf] where the Response is still missing and September 22 [CR SUPP (01 of 01) FLD 092214.pdf] where you will find the Response at pages 38-49. My request which ultimately yielded the September 8 supplement is also attached. If you need any further information please let me know.

Please let me know how you intend to proceed.

Best Regards,


J M Arpad Lamell

Thank you for your response. The stipulation, however, was not directed towards an extension, merely a correction as to the date recorded for the record item at issue. Would that be possible?

Best Regards,

J M Arpad Lamell

---

**From:** Hanson, Thomas [mailto:THanson@dykema.com]
**Sent:** Wednesday, October 01, 2014 4:18 PM
**To:** Arpad Lamell
**Subject:** RE: Stipulation Request

Mr. Lamell:

You have had multiple opportunities to correct the record (on issues that I see as having no relevance to your appeal), and have obtained multiple extensions of the briefing schedule in conjunction with same. I will not stipulate to any further delays in the adjudication of this appeal.

Best regards, Tom Hanson



| Dykema | Thomas M. Hanson | 214-462-6420 Direct | Comerica Bank Tower |
|---|---|---|---|
| | Member | 214-462-6400 Main | 1717 Main Street, Suite 4200 |
| | THanson@dykema.com | 855-230-2439 Fax | Dallas, Texas 75201 |
| | | 734-883-8667 Mobile | www.dykema.com |

**From:** Arpad Lamell [mailto:lamell@alum.mit.edu]
**Sent:** Wednesday, October 01, 2014 4:10 PM
**To:** Hanson, Thomas
**Subject:** Stipulation Request

Mr. Hanson.

Just as a reminder, I sent you the following email with attachments Monday morning. I have not yet heard back from you and am still awaiting your response. Please let me know.

Best Regards,

J M Arpad Lamell

**From:** Arpad Lamell [mailto:lamell@alum.mit.edu]
**Sent:** Monday, September 29, 2014 10:08 AM
**To:** 'Hanson, Thomas'

10/4/2014

**Subject:** Stipulation Request

Mr. Hanson:

First let me thank you for accommodating my requests for extensions in this case. I deeply appreciate the cooperation you've shown. Unfortunately, there is still a problem that needs to be fixed.

With your further cooperation, I believe it can be taken care of with minimum delay and effort.

Simply put, the problem is this: for some time, 10 of the 12 pages of my Response to OneWest's third motion to release the bond, which I handed you and the Court at the hearing back on January 31, were lost or missing from the record. After multiple requests and extensions, a complete copy of my Response has finally been included in the record in a supplement just filed on the 22nd. However, the record is still not correct in that the newly-supplemented "Response" bears a file stamp of September 10, 2014 rather than January 31, 2014 when it was actually served.

This needs to be corrected so I can include references to it in my Brief.

I would like to ask you to agree to a stipulation I've prepared to accomplish this.

The proposed Stipulation is attached in PDF form, signed by me and dated. Assuming you agree, I would ask you to add your signature to it and return it to me as soon as possible. Please let me know by return email if you are in agreement as soon as you can so I can let the Court of Appeals know we have conferred and that an agreed-upon Stipulation is being processed. For your information, I am attaching a PDF Binder copy of my Response submitted on January 31. You will note it contains my affidavit signed and notarized on January 30, together with an exhibit of pages from the Appraisal District's website dated January 29 and filed-stamped as received by the Clerk on January 31.

I am also attaching PDF files of the supplements filed September 8 [CR SECOND SUP (01 of 01) FLD 090814.pdf] where the Response is still missing and September 22 [CR SUPP (01 of 01) FLD 092214.pdf] where you will find the Response at pages 38-49. My request which ultimately yielded the September 8 supplement is also attached. If you need any further information please let me know.

Please let me know how you intend to proceed.

Best Regards,


J M Arpad Lamell

*** Notice from Dykema Gossett PLLC: This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately. Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

10/4/2014

STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

Deputy

**Cause No. 2010-11491**

J. M. ARPAD LAMELL      §      IN THE DISTRICT COURT OF
      *Plaintiff,*      §
         §      HARRIS COUNTY, TEXAS
      v.      §
         §      127th JUDICIAL DISTRICT
         §
ONEWEST BANK, FSB      §
      *Defendant.*      §

## ORDER TO RE-ESTABLISH LOST FILING

Came before this Court for oral hearing on January 9, 2015, Plaintiff's *Motion to Re-establish Lost Filing*. Plaintiff Arpad Lamell appeared in person. Defendant OneWest did not appear nor did it file an opposition.

The Court having considered the *Motion*, the evidence presented, and the testimony and arguments of Plaintiff, finds that Plaintiff's *Motion* should be GRANTED.

IT IS, THEREFORE, ORDERED that Plaintiff's *Motion to Re-establish Lost Filing* be GRANTED and the Court declares that the copy of *Plaintiff's Response in Opposition to Third Motion to Authorize Release of Bond to Defendant OneWest* presently imaged in the District Clerk's Record as Image Nos: 62288269 (*Motion*), 62288271(*Affidavit of J.M. Arpad Lamell*), 62288270 (*Exhibit A*) and bearing a filing date of September 10, 2014, is a true and correct copy of the *Opposition* as it was presented to the Court, served on Defendant's Counsel, and filed on January 31, 2014.

**SO ORDERED** this _9th_ day of January, 2015.

**FILED**
Chris Daniel
District Clerk

JAN 09 2015

Time:_____ 915a

Harris County, Texas

By_____
    Deputy

_____
Hon. Judge R. K. Sandill